Anspach *v.* The City of Altoona, Appellant.

Argued October 26, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William B. Manley,* for appellant.

*John Woodcock,* for appellee.

OPINION BY LINN, J., March 5, 1932:

Plaintiff has judgment on a verdict for damages resulting from a change of grade of Twenty-second Avenue, on which his property abuts. The defendant is a third class city and denies liability on the ground that the change of grade was from the natural surface of the street to the first grade established by the city.

We have found it necessary to examine the original record of the case, to supplement such parts as were printed. While Twenty-second Avenue is now a part of the City of Altoona, it was originally part of an adjoining township. The avenue is 50 feet wide between property lines, and 30 feet between curbs. It appears laid out on a plot, described in the evidence as the Olmes plot, which was familiar to one of the witnesses for more than twenty-five years. The road extended across a hillside in such way that its northern line or boundary was some feet lower than the southern line. Plaintiff's house, which was built more than 40 years ago, was on the northern side of the road, and was built at an elevation sufficiently above the grade of the road to require one to step down from the front porch to the level of the road. In front of plaintiff's

property, the road was apparently traversable only over a relatively small part of its plotted width. When the city improved the road in 1928 with a concrete surface over its full width, it did so by cutting down the hill at the southern line of the road and filling in on the lower or northern side, so that the grade or level of the highway at which it was improved, was several inches below the original or natural surface grade at the center line of the 50 foot highway as plotted. This improvement of the highway left plaintiff's property about two feet below the grade of the road. It was for the difference in market value before and after the improvement that plaintiff recovered the verdict.

The only assignment of error is to the refusal to enter judgment n. o. v. Appellant states its contention as follows: "does the leveling of a hillside street constitute a change of grade if the natural and improved surfaces at the center line of the street are at the same elevation?" The difficulty with the question is that the undisputed evidence shows a case in fact, to which that abstract question does not apply. For more than 40 years plaintiff's property abutted on the public road so that the first floor of his house was above the road. The road, or a part of the plotted width, was used winter and summer. After it became part of the City of Altoona, it was improved by widening to its full width, which seems to have required a change in elevation above the natural surface immediately in front of plaintiff's property by elevating it on that side, and by reducing the elevation on the southern house-line by excavating it to the same level.

The decisions in this state are clear that in such circumstances there is a change of grade for which compensation must be made under the constitution. In New Brighton Boro. v. U. P. Church, 96 Pa. 331, it appeared that a church was constructed in 1854 at

the then natural surface grade of an abutting road. In 1878 a grade was established for that street for the first time by the borough and the street was improved to that grade with a resulting claim for damage to the church property. It was held that damages were recoverable; the same principle has been repeatedly applied; see O'Brien v. Phila., 150 Pa. 589; Groff v. Phila., 150 Pa. 594; Klenke v. West Homestead Boro., 216 Pa. 476; Ellwood Lumber Co. v. Pittsburgh, 269 Pa. 94.

Judgment affirmed.

This opinion was written by Judge LINN prior to his appointment to the Supreme Court and has been adopted as the opinion of this court. F. M. TREXLER, P. J.