## Brewer et ux., Appellants, *v.* Commonwealth.

Argued May 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Saul Chersky,* with him *Mayer Sniderman,* for appellants.

*George W. Keitel,* Deputy Attorney General, *Sidney Gottlieb* and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE PARKER, June 29, 1942:

Viewers appointed to assess damages arising out of a relocation and improvement of State Highway Route

No. 70 awarded damages to the plaintiffs and the Commonwealth appealed to a court of common pleas. That court dismissed the proceedings on the ground that there had been no taking of plaintiffs' property "within the contemplation of the law".

Plaintiffs' land abutted on the westerly line of the old highway. By the relocation the width of the right of way was increased from forty to eighty feet, all the land necessary to widen the right of way being taken from the east side. No additional land was taken from plaintiffs' side of the road. A fill of twelve feet was made in front of plaintiffs' property where the new pavement was laid, and drainage ditches were constructed next to their property where the improved portion of the road had been formerly located. Plaintiffs' access to the new pavement was interfered with by these ditches and the Commonwealth voluntarily constructed an entrance for plaintiffs at the south side of their lot.

"To support a recovery of damages from the Commonwealth in cases where property is not actually taken by it, there must be an act of the legislature expressly imposing such liability": *Heil v. Allegheny County*, 330 Pa. 449, 453, 199 A. 341, and cases there cited. No land of appellants having been taken, they are not entitled to recover damages arising from the change of grade: *State Highway Route No. 72*, 265 Pa. 369, 108 A. 820, affirming 71 Pa. Superior Ct. 85.

The appellants claim damages upon the theory that they have a fee to the center of the old road subject to the public's easement for passage (*Sterling's Appeal*, 111 Pa. 35, 2 A. 105), and that the abandonment of their land as a road bed proper and its use for drainage constitute an additional servitude for which they are entitled to compensation. In short, they contend that the construction of drainage ditches is a new taking and makes the Commonwealth liable. This is a novel proposition and we find no merit in it. Obviously, drainage is essential to the proper enjoyment of a street or country road: Lewis on Eminent Domain (1st Ed.), §127.

The land in front of plaintiffs' property was taken long since for a particular public use. Changed conditions made it necessary, in the judgment of the highway department, that a new and better road should be constructed, and this required changes in the drainage system. This was a use of the land of the same character and for the same purpose for which it was originally taken. It was for that use that the owners were compensated when the land was taken originally for public purposes: 18 Amer. Juris., Eminent Domain, §180.

"There cannot be a doubt that, in the laying out and establishment of a highway, the right of repairing and maintaining, as well as of originally constructing it, is embraced, and that therefore, when damages are assessed to a person for laying out and constructing a road upon his land, those damages include compensation as well for the repairing of such road as its original construction. Such reparation [repairing] embraces and extends to the making of such gutters, drains and sewers as are necessary and proper in order to preserve the highway in good condition for the purposes for which it was made": *Cone v. Hartford*, 28 Conn. 363, 372.

The form of the order made requires some attention. The Commonwealth appealed from an award of damages and, after the appeal was allowed, moved to dismiss the proceeding. The court below in disposing of the motion properly held that the plaintiffs were not entitled to damages. A claimant has no right to a jury trial where it appears as a matter of law that he would not be entitled to any compensation: *Scholl's Appeal*, 292 Pa. 262, 141 A. 44. It appearing that the plaintiffs were not entitled to any damages, judgment should have been entered for the Commonwealth. There would then have been no doubt as to the disposition of the award originally made.

The record is returned to the court below and it is directed that judgment be entered for the defendant, the appellants to pay the costs.