## Wahaly et ux., Appellants, *v.* Allegheny County.

Argued September 29, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Saul Chersky,* with him *Mayer Sniderman,* for appellants.

*Nathaniel K. Beck,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE MAXEY, November 23, 1942:
This is an appeal from the refusal of the Court below to strike off a non-suit in a land damage case. Plaintiffs were the owners of a lot fronting on Eastman Street in Mifflin Township, Allegheny County. According to the recorded plan, the street was dedicated as a fifty-foot street and it is now part of the State's secondary highway system, known as Legislative Route No. 02185. Plaintiffs' property fronted on the north side of this highway for a distance of 181½ feet and extended backward a distance of 240 feet. On this lot were two dwelling houses and two garages. Eastman Street prior to its re-construction was unimproved except for a width of 14 to 16 feet surfaced with cinders.

In 1932 the State Highway Department, without preparing a plan,* proceeded to resurface and change the grade of the above route along the front of Plaintiffs' property. The improvement involved no change in the existing right-of-way lines and location of the State highway. The road in front of Plaintiffs' property had a legal width of fifty feet before and after the new work was done on it and none of Plaintiffs' property was actually taken for the right-of-way.

A plan prepared by an engineer employed by Plaintiffs, shows a line designated as "Ultimate Top of Slope", indicating an occupation of 1,200 square feet of slope

---

* Since in the instant case no part of Plaintiff's land was taken and the lines of the right of way were not changed in any way, it was not necessary to prepare a plan.

area required to support the highway. This was *based upon the assumption* that such would be the situation if the highway were widened to the full fifty-foot legal width at the center line grade. As a matter of fact, the slopes were constructed *within* the fifty-foot legal width of the highway. The Plaintiffs' plan offered in evidence shows that the driveways to the garages have been graded to connect with the improved highway. On June 12, 1934, the Board of County Commissioners, of the County of Allegheny, passed a resolution agreeing to assume liability for property by reason of this improvement in Rural Route .02185, in Mifflin Township, between stations indicated in the resolution. This action was taken under the Act of April 13, 1933, P. L. 41, amending Section 16 of the Sproul Highway Act of May 31, 1911, P. L. 468, as amended (36 PS 171).

After due proceedings viewers found that Plaintiffs were not entitled to damages and an appeal was taken to the Court of Common Pleas and there a non-suit was granted.

The Court below correctly held that whatever damage was done to the property of the Plaintiffs resulted only from the change of the grade of the then legally existing fifty-foot right-of-way, that any damages for which Allegheny County is made responsible, are only those for which the Commonwealth would otherwise be liable, and to support a recovery of damages from the Commonwealth in cases where it is not actually taken, these must be an act of the legislature *expressly imposing* such liability as the Court held in *Heil v. Allegheny County,* 330 Pa. 449, 199 A. 341. Since none of Plaintiff's land was actually taken, there is no statute which they can invoke in support of their claim.

Appellants cite *Reid Creamery & Dairy Supply Co. v. Philadelphia,* 274 Pa. 251, 118 A. 11. That case held that "the supporting of the highway is not necessarily to be secured by a slope extending onto the premises of another; it might be by a retaining wall within the line

of the widened street. Fills and embankments are not merely incidents of the construction of the road". The fact found by the Court below on ample evidence, to wit, that no land was taken of the Plaintiffs for any purpose incident to the construction of the highway, makes the principle just cited of no avail to them. Plaintiffs' premises were not invaded in any way by this improvement. If the owner of abutting land slopes a part or all of his land to facilitate ingress to it from a street whose grade has been changed, the cost of doing so must rest on him. In the case of *Brewer v. The Commonwealth*, 345 Pa. 144, this Court rejected a claim for recovery of damages based on the theory that drainage ditches constructed on the side of the highway on which plaintiff's property abutted was an "additional servitude" for which they were entitled to compensation. We there reiterated the principle that where property is not actually taken by the Commonwealth, there can be no recovery unless the legislature has expressly imposed liability.

The order is affirmed.