## Culver v. Commonwealth, Appellant.

Argued December 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*H. Ray Pope, Jr.,* with him *George W. Keitel,* Deputy Attorney General, *J. Perry Eckels* and *Claude T. Reno,* Attorney General, for appellant.

*Frank D. Prather,* with him *Gerald D. Prather* and *Kent & Kent,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 4, 1943:

This appeal involves a claim for damages to real estate by reason of the improvement of a state highway.

Acting pursuant to the Act of May 31, 1911, P. L. 468, as amended by the Act of July 12, 1935, P. L. 946, the commonwealth widened and changed the grade of State Highway No. 82, section 8, in Vernon Township, Crawford County, on which abuts a property of Rodney Culver, appellee. This necessitated the taking of .38 of an acre of land along the frontage of appellee's property, consisting of 5.5 acres with a dwelling and outbuildings erected thereon, and also involved the making of a deep cut in the highway at this point, leaving the property elevated a distance of twelve feet above the roadway, at the top of a steep embankment, as compared with an elevation of four feet prior to the improvement. Several large shade trees and a number of fruit trees lying within the condemned portion of the property have been removed, and of three wells relied upon by appellee for a water supply two have gone completely dry, as a consequence of the improvement, and the supply of the third has fallen to one-half of what it was before. The viewers appointed to assess the damages awarded appellee the sum of $1100 and from that award he took an appeal to the common pleas, resulting in a verdict in his favor of $2500. A motion for new trial filed by

the commonwealth was overruled by the court below and judgment was entered for appellee in the amount of the verdict. This appeal followed.

In addition to the items of damage already referred to and others, as to which no complaint is made, the trial judge instructed the jury that they might also consider as an item of damage the value of soil removed from a portion of appellee's property outside the area condemned for highway purposes, using the following language: "What amount of dirt was taken, if any? He [the appellee] would be entitled to recover as damages the value of that dirt so removed when it is shown that it was used in the construction of this change in the highway." The sole contention of the commonwealth is that in so stating the trial judge committed reversible error entitling it to a new trial. Other and additional reasons were assigned in the court below for the granting of a retrial of the case, including an objection that the verdict was excessive, but all of these have been abandoned for purposes of the present appeal.

A case closely in point is *Stephens v. Cambria and Indiana R. R. Co.*, 242 Pa. 606, where, in a similar proceeding, a property owner claimed damages for the cutting of timber outside the sixty-foot wide strip of his land condemned for purposes of a railroad right-of-way. The court below in that case instructed the jury that they might not take the value of the timber outside the right-of-way into account as an element of damage, because the property owner had sold it, but told them the cutting of the timber could properly be considered as affecting the market value of the property. On appeal the Court held this to be error, stating as follows (p. 609): "What the plaintiffs are entitled to recover in this proceeding are the damages which they have sustained by the taking of a strip of their land sixty feet in width, and the measure of their compensation is the difference in the market value of the farm before and after the taking of that strip. Whatever may have been done out-

side of the right of way so taken, either by the company itself or by its contractor, was not done in the exercise of the right of eminent domain, and not being the immediate, necessary or unavoidable consequences of the exercise of the right, cannot be the basis of any claim in this proceeding. If 'slashing' was done by the contractor for a width of ninety-eight feet along the right of way, which was only sixty feet in width, whatever was done outside of a line thirty feet from the center line was a trespass, for which recovery must be had in an action of trespass against the wrongdoer." Here the trial judge did not instruct that the jury might consider the removal of soil outside the area condemned as affecting the market value, but he did tell them appellee "would be entitled to recover as damages the value of the dirt", and the controlling principle is the same. See also *Stork v. Philadelphia*, 195 Pa. 101; *Lizza v. Uniontown*, 345 Pa. 363; *Fyfe v. Turtle Creek Boro.*, 22 Pa. Superior Ct. 292; *Allentown's Appeal*, 121 Pa. Superior Ct. 352. The instruction complained of is contrary to all our cases on the subject and furnishes adequate basis for the commonwealth's exception. However, as stated in *Siegfried v. Lehigh Valley Traction Co.*, 334 Pa. 346, 349: "It is well settled that mere error in the abstract is not sufficient to warrant a retrial (*Commonwealth Trust Co. v. Hachmeister Lind Co.*, 320 Pa. 233, 238; *Kanatas v. Home Ins. Co.*, 325 Pa. 93, 98); if it is apparent that such error is harmless a retrial will not be granted."

We are not convinced that the instruction excepted to, although clearly erroneous, could have wrought any real harm. The record is absolutely devoid of any testimony as to the value of the soil removed; the only evidence bearing upon its amount is so ambiguous as to be completely worthless; and it nowhere appears what effect the alleged removal had with respect to the rest of appellee's property. Under these circumstances the objectionable portion of the trial judge's charge, like the matter excepted to in *White v. Western Allegheny*

*R. R. Co.,* 222 Pa. 534, 538, "could not possibly have done appellant any harm because it was meaningless as bearing upon the amount of damages involved." Moreover, we are satisfied that the amount of the award is not excessive in the light of the damages shown by the evidence; and this being so, since the instruction complained of has to do solely with the measure of damages, under no view of the case can it be considered as harmful and, therefore, reversible error: *Siegfried v. Lehigh Valley Traction Co.,* supra; *Walsh v. Altoona and L. V. E. Ry. Co.,* 232 Pa. 479; *Snyder v. Reading Co.,* 284 Pa. 59; *Butz v. Manning,* 320 Pa. 336.

Judgment affirmed.