Burkholder, Appellant, *v.* Commonwealth.

Argued May 25, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*A. C. Scales,* of *Scales, Loughran & Shaw,* for appellant.

*Phil H. Lewis,* Deputy Attorney General, with him *James H. Duff,* Attorney General, *H. Ray Pope, Jr.,* and *A. Frank Steiner,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1943:

Lena C. Burkholder, appellant, appeals from a final decree setting aside the verdict of a jury awarding damages in the sum of $2000 for land alleged to have been taken as a result of the reconstruction of a public highway and entering judgment non obstante veredicto in favor of the Commonwealth of Pennsylvania, appellee.

On July 24, 1936, a plan whereby State Highway Route No. 120, located in Westmoreland County, was to be widened and improved was approved by the Governor. A macadam highway, No. LR64090, formed a "V" intersection with Route No. 120. Included in the plan for reconstruction was provision for regrading and widening this intersecting highway, the purpose of which was to have both highways on approximately the same plane.

Appellant was the owner of land fronting on the intersecting Route No. LR64090. The grade of the highway was lowered approximately twelve feet. Prior to the change appellant's land was practically level with the highway. A cut was made into appellant's property for the purpose of providing for her reasonable means of access. A claim for damages was tried before viewers who found that no land had been taken. On appeal to the Court of Common Pleas the claim was tried before a jury which returned a verdict in favor of appellant in the sum of $2000. From a final decree granting a motion for judgment non obstante veredicto an appeal was taken to the Superior Court and on petition of the Commonwealth the case was certified to this Court. The judgment appealed from must be affirmed.

Raymond E. Britton, the State Highway Construction Inspector, stated that the construction of the driveway was called for on the plans, but the plans submitted by both appellant and appellee show the reconstructed highway to be clearly within the existing right-of-way, the width of which was sixty feet; the right-of-way required for the highway was fifty feet. The plans also show cut-backs for the purpose of constructing drive-

ways into the several properties. They are not, however, within the existing right-of-way lines. The Commonwealth's evidence shows that the existing right-of-way was outside of appellant's property line and that none of appellant's land was taken for the purpose of widening and evening the grade of the highway.

Before damages may be recovered there must be proof of a "taking" by the Commonwealth. The location of a highway is not changed by elevation or depression of its surface: *State Highway Route No. 72,* 265 Pa. 369, 373. Only that which has been condemned may be deemed to have been "taken" within the meaning of the statutes providing for recovery of damages. The extent of condemnation must be ascertained from the plan approved by the Governor for that purpose. " 'Whatever is included in [the plan] must be considered as the measure of the present taking and appropriation . . .' ": *Penn Builders, Inc. v. Blair County,* 302 Pa. 300, 306.

The record clearly shows that no additional land was condemned by the Commonwealth in this instance. The plans submitted by appellant and appellee show there was no present taking of appellant's land for highway purposes. That the removal of soil was made for the purpose of securing to the appellant a means of access is admitted. The plans show the driveway as it existed prior to construction and also the cut-back pursuant to which drawing the land was removed and the new driveway graded. The highway, however, was not constructed beyond the existing right-of-way line.

We have recently considered this question of the right to recover damages for property removed by the Commonwealth, which property was not within the right-of-way line. See *Culver v. Commonwealth,* 346 Pa. 262. We held in that case that the removal of ground outside of the condemned portion was not a taking arising out of an eminent domain proceeding but a mere trespass for which recovery could not be had in that proceeding.

See also *Stephens v. Cambria & Indiana R. R. Co.*, 242 Pa. 606.

Removal of appellant's soil was not within the existing right-of-way but was for her benefit and, therefore, the judgment non obstante veredicto was properly entered.

Judgment affirmed.