## Lubrecht *v.* Commonwealth, Appellant.

48

Argued April 12, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Phil H. Lewis,* Deputy Attorney General, with him *Donald O. Coughlin,* Special Deputy Attorney General, *James H. Duff,* Attorney General, and *H. Ray Pope, Jr.,* for appellant.

*Adrian H. Jones,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1944:

This is an appeal by the Commonwealth from the dismissal of exceptions to the report of the board of viewers and from the confirmation of the report. This board was appointed to determine the damages to the property of appellees arising out of the improvement of Section 6, State Highway Route 184, in Sugarloaf Township and Conyngham Borough, Luzerne County. Prior to the commencement of the improvement, the Pennsylvania Department of Highways prepared a plan indicating that the entire improvement was 5.52 miles in length, of which total length, .01132 mile or 59.8 feet, were located in the Borough of Conyngham. The balance of the improvement was located in Sugarloaf

Township and involved the taking of 1.63 acres of land of appellees in Sugarloaf Township.

Before the Governor approved the plan for this improvement, the Borough of Conyngham, by its Secretary, certified to the Department of Highways, that the council of the borough had duly passed and adopted an ordinance adopting as the borough plan, the aforesaid plan of the Department of Highways for the portion of the improvement in Conyngham Borough, enacting or ordaining as true and proper, the widths, lines, grades, courses, etc., shown thereon. The Burgess, President and Secretary of the Council also approved the aforesaid plan on the title sheet under the following notation:

"Approving and establishing by ordinance the lines, grades, drainage structures and all other structures on Route 184, Sec. 6, in Luzerne County between Sta. 579+72 and Sta. 585+70; and Rd. approach Lt. of Sta. 643+00 between Sta. 2+55 and Sta. 12+25.00 in Conyngham Boro."

Relying on the signatures to the plan, the passage of the ordinance and the certificates of the Borough Secretary, the Governor approved the plan. The appellee petitioned the Court of Quarter Sessions for the appointment of viewers to determine and assess the damages. A board of view was appointed by the lower court. This board filed its report, and it was confirmed nisi. This report fixed the damages to appellees' property, including both the portion in Conyngham Borough and the portion in Sugarloaf Township, at the total sum of $2850, and the viewers, over the objection of Commonwealth's counsel, determined that the total amount was payable by the Commonwealth. Counsel for the Commonwealth filed exceptions to the report of viewers and subsequently the court upheld the exceptions, in part, and referred the proceedings back to the board of view for the purpose of securing additional testimony concerning the enactment of the ordinance by the Borough of Conyngham, adopting the plan of the Department of Highways.

The viewers subsequently filed a supplementary report which contained, inter alia, a copy of the ordinance passed by the Borough of Conyngham with the certification of the Borough Secretary attached, as well as a discussion of the law applicable to the facts, and a determination that all damages payable to the appellee as found, were payable by the Commonwealth. The damages determined were for that portion of appellees' property in the Borough of Conyngham as well as in the Township of Sugarloaf and the total amount thereof again was determined to be payable by the Department of Highways.

To this supplementary report, counsel for the Commonwealth filed five exceptions, which appellee contends were filed after the court's decision on June 21, 1943. The only exceptions before the court when its decision was rendered were those filed on May 8, 1942, and which raised only the question whether the power of eminent domain in the Borough of Conyngham in taking land for this highway was exercised by the Borough or by the Commonwealth.

Both parties filed a statement that the question to be argued before the Supreme Court was the following:

"The appellant on the appeal of this case intends to argue before the Supreme Court of Pennsylvania the following question: 'Is the Commonwealth of Pennsylvania responsible to a property owner for property damages in a borough when the borough certifies to the Commonwealth that it has enacted a borough ordinance adopting, as the action of the borough, the width, lines, grades, etc., shown on the Commonwealth's plan for the improvement of a State highway in the borough, and the Commonwealth in reliance thereon completes the improvement in accordance with said plan and does not exercise its right of eminent domain?' "

The court below said that "The Governor approved the plans on March 11th [1941], eight days later, and, if the borough's acts cannot be construed as a condemna-

tion, assuming the invalidity of the ordinance,[1] the State would be liable in damages by the executive approval and by subsequent entry on petitioners'- lands." . . . "That the State never intended condemnation and liability therefor is conceded by the parties. It is significant that its agreement with the county commissioners of this county for contribution by the latter to the payments of damages (liability on the county is expressly excluded therein), did not include that portion of the highway situate within Conyngham Borough; nor was such portion of the highway included on the map filed by the Commonwealth in the Recorder of Deeds office."

The court below correctly stated "As the petitioners know of no certificate asserting proper adoption of the ordinance, did not rely on it or were intended to benefit by it and are strangers to it, they could not be bound by it nor avail themselves of it. These proceedings are therefore properly brought against the Commonwealth to recover damages for deprivation of certain property rights".[2]

It is settled that "Before damages may be recovered there must be proof of a 'taking' by the Commonwealth. Only that which has been condemned may be deemed to have been 'taken' within the meaning of the statutes providing for recovery of damages. The extent of condemnation must be ascertained from the plan approved by the Governor for that purpose. 'Whatever is included

---

[1] This ordinance was not "in force" because the provisions of Article 10, sec. 1008 of the Act of 1927, P. L. 519, 53 Purdon's Statutes, sec. 12898, were not complied with.

[2] The court below stated in respect to this certification that "Such action upon the part of the borough would make it liable to any person (here the Commonwealth), relying on the certificate, for any damages sustained thereby. . . . The sole purpose served by the issuance of the certificate is the protection of the Commonwealth from ultimate liability in damages for lands appropriated for state highway purposes within the borough limits. It is in the nature of an indemnity."

in [the plan] must be considered as the measure of the present taking and appropriation . . .': *Penn Builders, Inc. v. Blair County*, 302 Pa. 300, 306." *Burkholder v. Commonwealth*, 347 Pa. 478, 480, 32 A. 2d 745.

In *Northern Pipe Line Company* case, 132 Pa. Superior Ct. 406 at 413, President Judge KELLER of the Superior Court said: "The adoption of the plan and its approval by the Governor constituted a relocation of the highway and was an appropriation of the land needed for the new location, to become effective when entry was made."

It is the contention of the appellee that "the condemnation by the Commonwealth extended for the entire length of the relocated highway." The Commonwealth in its paper books states that "the approval of the Governor was for the establishment of the width, lines, location and grades of the highway concerned, *except as to that portion within Conyngham Borough*," and that this furnishes "proof that the right of eminent domain was not exercised by the Commonwealth for that portion of the improvement in the Borough of Conyngham." Answering this, in a supplemental brief, the appellees say that "the exception related to a highway described on the map [of the proposed highway] but [which is] no part of the relocated highway." Appellee's claim that the highway forming the subject of the specified exception is "the road approach in Conyngham Borough built and maintained by Conyngham Borough, connecting the old link with the new," and for which the Commonwealth was *not* asked "to assume liability."

This raises a question of fact which was not raised in the court below though its determination is necessary to a correct decision of this case.[3] Since this question cannot be decided on this record, the latter is remitted

---

[3] This question was first raised in appellant's brief of argument in this court. It was discussed by the appellees only in the latter's supplemental brief.

to the court below so that the question may be determined there.

The judgment is reversed and the record remitted to the court below, with a procedendo.