Koontz *v.* Commonwealth, Appellant.

146

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. J. Snyder, Jr.,* Associate Counsel, with him *A. Frank Steiner,* Special Counsel, *Phil. H. Lewis,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*James Gregg,* with him *Portser, Gregg & McConnell* and *Raymond R. Cassidy,* for appellee.

OPINION BY MR. JUSTICE JONES, January 3, 1950:

The question here involved is whether an alleged taking by the Commonwealth of a portion of the plaintiff's property in connection with a certain highway improvement presented a question of fact for the jury or a question of law for the court on the basis of the evidence adduced at trial. It is the Commonwealth's contention that, according to the official highway plan approved by the Governor, none of the plaintiff's property was taken for the improvement and that, consequently, the plaintiff is not entitled to damages. The learned trial judge overruled the defendant's point for binding instructions and submitted the case to the jury which returned a money verdict for the plaintiff. The

amount of the verdict is not questioned. In due course, the court below entered judgment on the verdict and the Commonwealth took this appeal. The matter assigned for error is the lower court's refusal of the defendant's motion for judgment n.o.v.

The well-settled principles of law on which the appellant predicates its argument are not to be gainsaid, but they do not rule the issue disclosed by the record in this case. It is, of course, not open to dispute that, before the Commonwealth can be made to answer, in the present state of the statute law (Sec. 304 of the State Highway Law of June 1, 1945, P. L. 1242), for damages in cases of highway improvement, there must have been a taking of the complaining property owner's land (*Brewer v. Commonwealth*, 345 Pa. 144, 145, 27 A. 2d 53) ; that such taking depends upon the condemnation which, in turn, is effected by the Governor's approval of the official plan for the highway involved (Sec. 210 of the State Highway Act of 1945, supra, and *Lubrecht v. Commonwealth*, 350 Pa. 47, 51-52, 38 A. 2d 242) ; that the extent of the condemnation must be ascertained from the plan approved by the Governor for the purpose (*Burkholder v. Commonwealth*, 347 Pa. 478, 480, 32 A. 2d 745) ; and that a trespass outside the right of way, condemned for the highway purpose, is not a compensable element of damage in a proceeding for the ascertainment of damages due to the Commonwealth's exercise of its power of eminent domain (*Culver v. Commonwealth*, 346 Pa. 262, 264-265, 29 A. 2d 531).

The question here is as to what the official highway plan approved by the Governor actually reveals. The plan was received in evidence as Commonwealth's Exhibit B and shows the legal right-of-way line on the side of the plaintiff's property as running through the middle of two sixteen-inch-square gate posts erected on the plaintiff's property along the highway in question. A witness for the Commonwealth, whose qualifications

were unquestioned, so testified. In fact, he had gathered the data in the field from a survey of the proposed highway improvement which he transmitted to the Highway Department's planning engineers for use in the preparation of the official plan (Exhibit B). The same witness also made a draft of the plaintiff's property which was offered in evidence as Commonwealth's Exhibit C. On that plan, the property line was shown as running two to two and three-eighths inches back from the front side of the square gate posts. A third plan, prepared by one of the Highway Department's planning engineers (also a witness for the Commonwealth), was received in evidence as plaintiff's Exhibit No. 2 and showed the square gate posts to be entirely on the plaintiff's property. Obviously, the official plan was not conclusively self-revealing. It required interpretation by qualified engineers or surveyors as to the precise situation, which its drawings portended, on the ground; and the competent witnesses in such connection were the Commonwealth's. It is apparent from the evidence adduced from the Commonwealth's witnesses and records, alone, that a finding that there was a taking of a portion of the plaintiff's property by the condemnation made on the basis of the official highway plan was justified.

In addition thereto, the plaintiff called as a witness a registered engineer of long experience who was the engineer for Mt. Pleasant Township, Westmoreland County, where the highway and property in question were located. This witness testified that he had made many surveys in the recorded lot plan of which the plaintiff's property was a part; that he had surveyed the plaintiff's property twice, once before and once after the highway improvement; that he used reference points established before the physical work of the improvement was begun; that, by the improvement, the center line of the highway upon which the plaintiff's property fronted

had been moved laterally one minute to the north, that is, to the side of the plaintiff's property; and that, as a consequence, the Commonwealth had actually taken a strip of the plaintiff's property along its entire frontage on the highway and varying in depth from four and one-half inches at one end to four and three-quarter inches at the other end. The plan prepared by this witness from his survey, showing the situation just described, was received in evidence as plaintiff's Exhibit No. 1.

Where the controlling legal right-of-way line, as established by the official highway plan, actually ran depended, under the evidence in the case, upon an issue of fact which was for the jury to determine. "The location of surveys, that is, the precise position which they were intended to occupy upon the ground, is generally a question of fact to be decided by the jury . . .": *Eister v. Paul*, 54 Pa. 196, 198. As the *Eister* case further recognized, it is ". . . where the evidence is all one way, and is so satisfactory that a court would not sustain a verdict that should find against it . . ." that a court will declare the true effect of evidence as a matter of law. Such was the situation in *Burkholder v. Commonwealth*, supra, upon which the appellant chiefly relies. There, as the opinion for this court shows,—"The plans submitted by appellant [land owner] and appellee [Commonwealth] show there was no present taking of appellant's land for highway purposes." In other words, there was no dispute as to where the plotted boundary line actually ran. It is true that the legal right-of-way line, as established by the official highway plan, constituted the boundary between the plaintiff's property and the improved highway as a matter of law, but where that line existed on the ground was a question of fact: *Miles Land Co. v. Hudson Coal Company*, 246 Pa. 11, 23, 91 A. 1061. The testimony of the Commonwealth's engineering witnesses and the plans concerning which

they testified were competent and sufficient to support a finding that the legal right-of-way line of the official highway plan encroached upon the plaintiff's property: see *Kamerer v. Commonwealth*, 364 Pa. 120, 70 A. 2d 305. That there was a *pro tanto* condemnation of the property so appropriated followed as a matter of law.

Judgment affirmed.