Moyer et ux., Appellants, *v.* Commonwealth.

334

Argued April 8, 1957. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Lee C. McCandless,* for appellants.

*John L. Wilson,* with him *John R. Rezzolla, Jr.,* Chief Counsel, Department of Highways, *Frank E. Roda,* Assistant Attorney General, Department of Highways, and *Thomas D. McBride,* Attorney General, Commonwealth of Pennsylvania, for appellee.

Opinion by Wright, J., June 11, 1957:

We are here concerned with the question whether the Commonwealth of Pennsylvania is liable for consequential damages resulting from the improvement of a State highway within a borough. The lower court held that there was no such liability, and judgment was accordingly entered in favor of the Commonwealth.

See *Brewer v. Commonwealth*, 345 Pa. 144, 27 A. 2d 53. The owners of the property involved have appealed.

Dean E. Moyer and Olivdene V. Moyer, his wife, appellants, are the owners of a house and lot in the Borough of Evansburg, Butler County, fronting seventy-five feet on old State Highway Route 78. By virtue of plans approved by the Governor of Pennsylvania on December 7, 1955, this highway was relocated. It was moved away from appellants' lot some thirty feet, and a fill varying from nine to fifteen feet was made. No land was taken. Access to appellants' property was accomplished by filling in a portion of the old highway and making a steeply declining approach from an intersecting street, which approach ends in a cul-de-sac. The borough council refused to assume liability for property damage resulting from the highway construction. Alleging that the value of their property had been diminished, appellants requested that viewers be appointed. The viewers reported that the Commonwealth was not liable because no land had been taken. An appeal to the Court of Common Pleas ensued. The Commonwealth moved to dismiss the appeal on the ground that the issue was entirely one of law. The court subsequently decided the case as though exceptions had been regularly filed to the viewers' report. No procedural question has been raised.

Appellants suggest that "a property right was taken" for which they are entitled to compensation under Section 10 of Article 1 of the Constitution of the Commonwealth. They argue "that although no physical part of their property was taken, that by depriving them of their ingress and egress and by building a fill in front of their property, they lost a property right which is included in the above Constitutional provision". Appellants' principal contention, however, rests upon the premise that a borough, as a mu-

nicipality under Section 8 of Article 16 of the Constitution of the Commonwealth, is liable for consequential damages, hence "had this been done by the Borough of Evansburg the appellants would have been entitled to damages". Upon that foundation appellants endeavor to base the proposition that "the Statutes amount to an assumption by the Commonwealth of the Borough's liability". They also attempt to make a distinction between the word "taking" and the word "damages", asserting that the use of the latter term in the State Highway Law[1] indicates an intention to impose liability for consequential injuries upon the Commonwealth.

Eminent domain is an inherent attribute of sovereignty. However, the Constitution of the Commonwealth contains two provisions restricting the use of that power, namely, Article 1, Section 10, and Article 16, Section 8. It is important to note that Article 16, Section 8 applies to municipal corporations, but not to the Commonwealth, whereas Article 1, Section 10 is a limitation upon both. Article 1, Section 10 requires compensation only for property "taken or applied to public use", whereas Article 16, Section 8 requires compensation "for property taken, injured or destroyed". It is well settled that the Constitution imposes liability upon municipal corporations for consequential damages: *County of Chester v. Brower*, 117 Pa. 647, 12 A. 577; *In re Melon Street*, 182 Pa. 397, 38 A. 482; *Anspach v. Altoona*, 104 Pa. Superior Ct. 553, 159 A. 76; *Troup v. New Bethlehem*, 122 Pa. Superior Ct. 198, 186 A. 306. On the other hand, it is equally well settled that the Commonwealth is not liable for consequential damages where there has been no taking of property: *Ewalt v. Pa. Turnpike Commission*, 382

---

[1] Act of June 1, 1945, P. L. 1242, 36 P.S. 670-101 et seq.

Pa. 529, 115 A. 2d 729; *Heil v. Allegheny County,* 330
Pa. 449, 199 A. 341; *Brewer v. Commonwealth,* supra,
345 Pa. 144, 27 A. 2d 53; *Koontz· v. Commonwealth,*
364 Pa. 145, 70 A. 2d 308; *Penna. Co. v. Philadelphia,*
351 Pa. 214, 40 A. 2d 461. Contrary to appellants' sug-
gestion, damages which are merely consequential do not
constitute a taking of property within the provisions
of Article 1, Section 10 of the Constitution: *Wahaly
v. Allegheny County,* 345 Pa. 509, 29 A. 2d 9; *McGar-
rity v. Commonwealth,* 311 Pa. 436, 166 A. 895; *Sol-
diers and Sailors Memorial Bridge,* 308 Pa. 487, 162
A. 309.

Appellants argue that Section 511 of the State
Highway Law, supra, (36 P.S. 670-511), authorizes the
secretary of highways to "change, alter or establish
the width, grades or lines of any State highway or in-
tersecting road or street in a borough", and sets forth
that "All ·damages resulting . . . shall be ascertained
and paid as provided in Article III of this ·act"; that
Section 301 (36 P.S. 670-301) requires that, before un-
dertaking the improvement of any state highway
"wherein a change of width or of existing lines and lo-
cation is necessary, and damage is likely to result to
abutting property", notice shall be given to the county
commissioners; and that Section 304 (36 P.S. 670-304)
provides that, if the county commissioners do not ap-
prove, "such damages shall be paid by the Common-
wealth". The answer to this argument is that the word
"damages", as applicable to the Commonwealth, is used
frequently in the statute, and it in no way appears that
the term is intended to include consequential injuries.
For· instance, Section 208 (36 P.S. 670-208) expressly
provides that "damages shall be allowed for and to the
extent of such actual taking only", and Section 219
(36 P.S. 670-219) sets forth that "Any damages sus-
tained by the taking of private property . . . shall ·be

ascertained and paid as provided by Article III of this act". We cannot conclude that the State Highway Law, either in its title or in its various provisions, is the type of express legislative mandate which is required to impose liability for consequential damages upon the Commonwealth. See *Brewer v. Commonwealth,* supra, 345 Pa. 144, 27 A. 2d 53; *Wahaly v. Allegheny County,* supra, 345 Pa. 509, 29 A. 2d 9.

In *McGarrity v. Commonwealth,* supra, 311 Pa. 436, 166 A. 895, the Supreme Court said: "Damage that is merely consequential upon a change in grade of a street does not constitute a taking of property within the constitutional clause cited. Damages for such taking are a matter of legislative grace and not of right . . . When this grace is extended, it must clearly appear in the statute itself and notice of such a radical departure from the customary rule of law must be given in the title of the act . . . The reason for the rule is obvious. In addition to many others, the Commonwealth owns the highways of the State and constructs yearly thousands of miles of road. If it were to be liable for consequential damages . . . the burden imposed on the Commonwealth would be enormous". In *Koontz v. Commonwealth,* supra, 364 Pa. 145, 70 A. 2d 308, a case which was decided more than four years after the enactment of the State Highway Law, Mr. Justice (now Chief Justice) JONES made the following pertinent statement:

"The well-settled principles of law on which the appellant predicates its argument are not to be gainsaid, but they do not rule the issue disclosed by the record in this case. It is, of course, not open to dispute that, before the Commonwealth can be made to answer, in the present state of the statute law (Sec. 304 of the State Highway Law of June 1, 1945, P. L. 1242), for damages in cases of highway improvement, there must

have been a taking of the complaining property owner's land (Brewer v. Commonwealth, 345 Pa. 144, 145, 27 A. 2d 53); that such taking depends upon the condemnation which, in turn, is effected by the Governor's approval of the official plan for the highway involved (Sec. 210 of the State Highway Act of 1945, supra, and Lubrecht v. Commonwealth, 350 Pa. 47, 51-52, 38 A. 2d 242); that the extent of the condemnation must be ascertained from the plan approved by the Governor for the purpose (Burkholder v. Commonwealth, 347 Pa. 478, 480, 32 A. 2d 745); and that a trespass outside the right of way, condemned for the highway purpose, is not a compensable element of damage in a proceeding for the ascertainment of damages due to the Commonwealth's exercise of its power of eminent domain (Culver v. Commonwealth, 346 Pa. 262, 264-265, 29 A. 2d 531)".

Appellants rely to some extent upon dicta in *Ashley Borough Appeal,* 348 Pa. 322, 35 A. 2d 74, and *Adams v. New Kensington,* 374 Pa. 104, 97 A. 2d 354. These cases are not controlling, however, as they actually involve municipal liability. We all agree with President Judge SHUMAKER of the court below that, as the law presently stands, appellants "are not entitled to consequential damages [from the Commonwealth] even though the improvement of the highway was within the confines of a municipality".

Judgment affirmed.