## Hilkert v. Lycoming Construction Co.

*Smith, Eves & Keller,* for plaintiffs.
*Candor, Youngman & Gibson,* for defendant.
*Arthur M. Peters,* for Commonwealth.

KREISHER, P. J., July 30, 1964. — On October 28, 1963, the above captioned plaintiffs, Archie H. Hilkert

and Carol M. Hilkert, instituted an action in trespass against the Lycoming Construction Company, one of the contractors for the Pennsylvania Department of Highways. The complaint contains two counts. In the first count, paragraph 6, plaintiffs aver that defendant without plaintiffs' permission wilfully, wantonly and with force and arms, broke and entered plaintiffs land adjoining Western Terminus of relocated Township Road No. 332, Liberty Township, Montour County, Pa. Paragraph 7 of the complaint alleged that defendants damaged plaintiffs field on the south side of the Western Terminus of Township Road No. 332 by excavating ditches and constructing drains outside the right of way. The second count contains similar allegations in paragraphs 11 and 12 as to the land adjoining the Eastern side of Route 47035.

The Commonwealth of Pennsylvania petitioned to intervene in this proceeding alleging that the work done by Lycoming Construction Company "was possibly done on behalf of the Commonwealth" and that the determination of the action by the Hilkerts against Lycoming Construction Company "may determine the Commonwealth's liability to the Defendant."

Over the objection of plaintiffs' counsel, the court on January 16, 1964, entered an order allowing the Commonwealth to intervene on the theory that defendant was the agent of the Commonwealth and as such there might be a liability if judgment is entered for plaintiffs.

The Commonwealth and Lycoming Construction Company filed preliminary objections contending that plaintiffs' complaint fails to set forth a cause of action within the jurisdiction of this court, and that if any damages are recoverable, they can only be recovered in the court of quarter sessions under the provisions of the Ditch and Drainage Act which provides for the appointment of a board of viewers to fix damages.

The said preliminary objections are in the nature of a demurrer and therefore the allegations set forth in the complaint must be accepted as true and read in the light most favorable to plaintiffs. The legality and sufficiency of any release given the Commonwealth by plaintiffs which was mentioned in the Commonwealth's petition to intervene might be a matter of defense, but is not before the court on these objections. At the time of our previous order, we determined to permit the intervention by the Commonwealth so that the liability of all parties, if such there be, might be determined at one time and considered the release as a possible defense at that time. However, we are now concerned only with the narrow issue of whether or not the complaint states a cause of action and, if so, does this court have jurisdiction in spite of the Ditch and Drainage Act.

The State Highway Law of 1945, P. L. 1242, art. IV, sec. 417, 36 PS §670-417, provides:

"The department shall have authority to enter upon any lands or enclosures, and cut, open, maintain, and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads, highways, or within, at the top, or base of, slope areas, constructed or improved at the expense of the Commonwealth or under its supervision. Any damages sustained by the owner or owners of land entered upon by the department for such purposes, shall be paid in the same manner as provided by this act in the construction of State highways. The determination of the amount of damage shall be in accordance with the provisions of Article III of this act."

The provisions of article III provide for the appointment of County Board of Viewers.

The Pennsylvania Turnpike Keystone Shortway Act of 1955, P. L. 157, sec. 9, 36 PS §666.9 provides, inter alia:

(a) Whenever a reasonable sum representing the damages ("to property damaged or destroyed whether the same had theretofore been condemned or otherwise" Sec. 8) cannot be agreed upon . . . the owner or owners shall apply to the Court of Common Pleas for the appointment of Viewers to determine, as hereinafter provided, the amount of damages resulting from the taking. "Whereupon, said court or any law judge thereof shall appoint three disinterested freeholders to view such property and estimate the value thereof. None of the freeholders shall be a resident of the county wherein such application shall be made. The court shall fix a time, not less than twenty nor more than thirty days thereafter, when the viewers shall meet upon the property and view the same. The viewers shall cause at least ten days' personal notice of the time and place of such meeting to be given to the Attorney General, to the Commission, and to the owner or owners if resident within said county."

The said "Shortway Act" authorized the Pennsylvania Turnpike Commission to condemn by resolution all property necessary to construct the said Shortway from Sharon to Stroudsburg. Said condemnation procedure was followed and plaintiffs' land was included in said proceedings.

This brings us to the important question of whether or not the statutory procedure for the determination of the damages for injuries inflicted is exclusive or may the injured party resort to the common law remedy of trespass against the contractor.

The answer to this question is found in 14 Stand. Pa. Prac. 579 §231. Without quoting the lengthy section, we conclude the general rule to be that where the condemning body has fully carried out condemnation proceedings, the statutory proceedings are exclusive to assess damages for the property taken and all "consequential injuries that have been caused . . . as the

direct, immediate and necessary result of the exercise of the right of eminent domain." An exception to this rule exists if it appears that "the injury was caused by the negligent manner in which the work was done, and was not the unavoidable result of the appropriation." The reason for the general rule above stated is set forth in said section, as follows:

"The statutory remedy of viewers' proceedings is exclusive because of the Act of 1806, which provides that in all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act of assembly, the directions thereof must be strictly pursued, and no penalty may be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than may be necessary for carrying such act into effect. The constitutional provision requiring compensation to be paid or secured before the taking, injury, or destruction is sufficiently complied with even though no bond has been given to secure the owner's damages in those cases, since generally the condemning body's power of taxation is sufficient security."

In light of the said general rule and the said exception thereto, we next examine the complaint to find out whether or not it states a case outside the general rule.

Paragraph 7 of the first count states:

"The Defendant, its servants, agents or employees damaged Plaintiffs' fields on the south sides of the western terminus of relocated Township Road No. 332, by entering upon the same with heavy earth-moving bulldozers, tractors and equipment, and excavating drainage ditches and constructing drains; and in so doing, did remove large sections of dirt, fill and top soil from Plaintiffs' property which was outside of the right-of-way of said highway and was not condemned."

Paragraph 8 reads, as follows:

"Plaintiffs have been further damaged in that they cannot obtain access to their fields and cannot cultivate and plant the same to the edge of the excavations."

The allegations contained under the second count are similar to those above quoted with the additional averments of possible flooding and erosion from the construction of the ditches on and adjacent to plaintiffs' property.

As stated above "trespass will not lie for injuries resulting directly, immediately, and unavoidably from the exercise of the right of eminent domain" but it will lie for "those injuries caused by the negligence of the condemning body or their contractor in the construction or operation of the improvement": Lizza v. Uniontown City, 345 Pa. 363; Culver v. Commonwealth, 346 Pa. 262.

We are bound to conclude the averments of plaintiffs' complaint fail to allege any negligent conduct on the part of defendants. It goes without saying, that in the construction of a highway, such as the Shortway, the entry upon the property with heavy equipment, the digging of drainage ditches, the severance of fields, the possibility of future flooding and erosion, etc . . ., are all items of damage "directly, immediately and unavoidably" resulting from the exercise of the right conferred by statute, which means that the statutory remedy to assess those damages must be pursued as the exclusive remedy.

This conclusion is especially true in this case by reason of the legislative mandate found in section 8 of the Shortway Act, 36 PS §666.8, wherein it is stated, inter alia, "whether the same had theretofore been condemned or *otherwise* . . ." This language, in our opinion, covers consequential damages both inside and outside the right of way. It must be conceded that the damages alleged in the complaint are a result of the construction of the "Keystone Shortway" and therefore, subject to the provisions of said act.

Likewise, it would seem to follow that the appointment of viewers would fall within the provisions of the "Shortway Act" rather than under the General State Highway Law of 1945 as urged by counsel for defendants. We do not, however, decide this question at this time, because there are insufficient facts before the court for its determination.

ORDER OF COURT

And now, to wit, July 30, 1964, defendant's preliminary objections to plaintiffs' complaint are sustained and the above captioned action is dismissed at plaintiffs' cost. Exception noted.