[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT(#124) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#126)
I. Factual and Procedural History
The plaintiff, Joseph M. Caldrello II, commenced this action against the defendants Glenn Gordon (Gordon), and Brown, Jacobson, Tillinghast, Lahan King, P.C. 7 (Brown Jacobson) on February 3, 1995. The plaintiff filed a three count complaint. Count one of the plaintiff's complaint alleges legal malpractice in that Gordon acted negligently in misappropriating and concealing a check, the proceeds of which the plaintiff claims he was entitled to, and never received. Count two alleges that Gordon's employer Brown Jacobson was similarly negligent. Count three of the complaint alleges that Gordon's negligence constitutes an unfair and deceptive trade practice in violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants filed an answer and special defenses on November 21, 1995. In their answer, the defendants denied all allegations of negligence. As special defenses, the defendants allege that the plaintiff's first and second counts of his complaint are barred by the statute of limitations set forth in General Statutes § 52-577, and that the third count of the complaint is barred by the statute of limitations set forth in § 42-110g (f).
On February 1, 1996, the plaintiff filed an amendment to his complaint alleging that Gordon's actions constitute fraudulent CT Page 301 conduct within the meaning of § 52-595. (Fraudulent concealment of cause of action.)
On May 30, 1997, the defendants filed a motion for summary judgment, and also filed a memorandum in support of its' motion. On June 27, 1997, the plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment. On June 6, 1997, the plaintiff filed a motion for summary judgment, and also filed a memorandum in support of its motion. On June 30, 1997, the defendant filed a memorandum in opposition to the plaintiff's motion for summary judgment.
The following facts are not in dispute. On November 30, 1988, the defendant attorney Glenn Gordon was an associate in the law firm of the defendant Brown Jacobson. On November 7, 1988, the plaintiff executed a $500,000 promissory note in favor of the Norwich Savings Society (NSS). Proceeds of the loan were disbursed to the plaintiff's father, Joseph Caldrello, Sr. for the benefit of Joseph Caldrello, Sr.'s business. The November 7, 1988 promissory note was secured by a mortgage deed on the plaintiff's home and adjoining real property. The defendants represented NSS in connection with the November 7, 1988 loan transaction.
On November 30, 1988, NSS lent Joseph Caldrello, Sr. $200,000. The promissory note for the $200,000 loan was executed by Caldrello, Sr. in favor of NSS and was secured by a mortgage deed on property owned by Caldrello, Sr. The defendants represented NSS in the November 30, 1988 transaction. NSS released a check for $200,000 on November 30, 1988 to the defendants payable to "Glenn Gordon Atty for Joseph Caldrello Sr. Joseph Caldrello II." The defendants deposited the funds into their client funds, then disbursed the proceeds of the November 30, 1998 loan check to Caldrello, Sr. None of the proceeds of the $200,000 check were disbursed to the plaintiff.
Thereafter, NSS made demand upon the plaintiff for full payment of the $500,000 note, and ultimately commenced a foreclosure action against him. It was during that action that the plaintiff first became aware of the $200,000 loan, when Gordon testified on January 27, 1993. In that action, the plaintiff asserted a counterclaim against NSS alleging fraud, violations of CUTPA and conversion. On July 12, 1993, Judge Teller ruled in favor of NSS on both NSS's foreclosure complaint and on Caldrello II's counterclaims. Judge Teller's decision was CT Page 302 affirmed by the Appellate Court on August 22, 1995, at38 Conn. App. 589, 663 A.2d 1085 (1995), cert denied235 Conn. 927, 667 A.2d 801 (1995).
In the present case, the following relevant facts are in dispute. The defendants allege the following. The defendants did not distribute any of the proceeds of the November 30, 1988 check for $200,000 to the plaintiff because NSS did not instruct them to do so. The plaintiff alleges the following facts. The plaintiff had an agreement with NSS, in connection with the $500,000 loan, that any future funds advanced to Joseph Caldrello, Sr. would also be advanced to the plaintiff so that the plaintiff could apply the funds towards the principal of his $500,000 debt to NSS. Evidence of this agreement exists in a letter written by the Vice-President of NSS to Caldrello Sr., regarding the later loan transaction which states, in relevant part, "the $200,000 advance being given to you and your son today." On November 30, 1988, the defendant Gordon negotiated and misappropriated the check without the knowledge of the plaintiff. Despite the fact that the plaintiff's name was on the payee line of the check, Gordon allegedly concealed the check from the plaintiff until January 27, 1993 when Gordon was subpoenaed to testify in the foreclosure action NSS brought against the plaintiff.
II. Motion for Summary Judgment, Generally
Pursuant to Practice Book § 378, "[s]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ."Bruttomesso v. Northeastern Conn. Sexual Assault Crisis Services,Inc., 242 Conn. 1, 5, 698 A.2d 795 (1997).
III. Discussion
a. The Defendants' Motion for Summary Judgment
CT Page 303
In their motion for summary judgment, the defendants set forth the following arguments: (1) all counts of the plaintiff's complaint are barred by the applicable statutes of limitations set forth in General Statutes §§ 52-577 and 42-110g; and (2) the plaintiff is collaterally estopped from pursuing his claims because of a judgment entered against him in the related matter of Norwich Savings Society v. Joseph Caldrello, II, et al.,
Superior Court, judicial district of New London at New London, Docket No. 512204 (July 12, 1993, Teller, J.), affirmed38 Conn. App. 859, 663 A.2d 1085, cert denied 235 Conn. 927,667 A.2d 801 (1995).
The defendants make the following relevant arguments in their memorandum in support of their motion for summary judgment: (1) the plaintiff's negligence claims are barred by the three year statute of limitation set forth in General Statutes § 52-577. The plaintiff's CUTPA claim is barred by the three year statute of limitation set forth in § 42-110g (f). The present action was not commenced until February 3, 1995, more than six years after the act complained of and is thus barred by the applicable statutes of limitation. The statute of limitation on the plaintiff's CUTPA claim is not tolled by General Statutes §52-595 (Fraudulent concealment of cause of action); and (2) the plaintiff is collaterally estopped from bringing this action because, in the foreclosure action, Judge Teller decided that no evidence existed proving that the alleged agreement (to make future funds advanced to Caldrello, Sr. available to the plaintiff) between NSS and the plaintiff existed.
The plaintiff makes the following relevant arguments: (1) the plaintiff's claims are not barred by the statute of limitations because a fiduciary relationship between Gordon and the plaintiff was established by the presence of the plaintiff's name on the payee line of the $200,000 check, thus the statute of limitations was tolled for as long as the fiduciary relationship existed. The fiduciary relationship existed until the defendants accounted to the plaintiff for the funds, on January 27, 1993, when Gordon testified during the foreclosure action. Further, since the cause of action did not properly accrue until January 27, 1993, General Statutes § 52-593a (Right of action not lost where process served after statutory period) protects the plaintiff's cause of action. Alternatively, the statute of limitations is tolled by the defendants' fraudulent concealment under General CT Page 304 Statutes § 52-595; and (2) Judge Teller's decision does not collaterally estop the plaintiff from bringing this action because the parties in both actions are not identical. The defendants in the present action, Gordon and Brown Jacobson were not parties in the foreclosure action. Further, the issue of the plaintiff's name being on the payee line of the $200,000 check was not before the court in the foreclosure action, nor was the issue of whether Gordon owed the plaintiff a fiduciary duty because the plaintiff's name was on the check.
Statute of Limitations
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). See e.g., Collum v. Chapin,40 Conn. App. 449, 451, 671 A.2d 1329 (1996) (concerning General Statutes §52-577, the only facts material to a court's decision on a summary judgment motion are the date of the alleged wrongful conduct and the date the action was filed). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
Counts one and two of the plaintiff's complaint sound in negligence. General Statutes § 52-577 states, "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The act or omission complained of took place on November 30, 1988 when the defendants allegedly misappropriated the funds from the second loan transaction. The plaintiff commenced this action on February 3, 1995, after the statute of limitation had run. However, "the statute of limitations does not run so long as either [a] trust or . . . fiduciary relationship exists."McDonald v. Hartford Trust Co., 104 Conn. 169, 189, 132 A.2d 902
(1926); see also New Orleans v. Warner, 175 U.S. 120, 130,20 S.Ct 44 (1899). "Ordinarily the relationship of principal and agent having been created continues until completion of the transaction upon which the agent was employed." Bassett v.Mechanics Bank, 118 Conn. 490, 483, 173 A. 228 (1934). Where the purpose of the agency relationship is to collect and remit money to the principal, "the agency does not cease until the money is not only collected but remitted." Id.
Material facts are in dispute regarding whether a quasi CT Page 305 trustee relationship was created between the defendants and the plaintiff when the defendants negotiated the check for the second loan transaction totaling $200,000 which was made payable to "Glenn Gordon Atty. for Joseph Caldrello Sr. Joseph Caldrello II." Whether a fiduciary duty exists is a proper question for jury resolution. Dunham v. Dunham, 204 Conn. 303, 320,528 A.2d 1123 (1987). The plaintiffs have submitted a copy of the check, which the plaintiff alleges the defendants negligently misappropriated and concealed from him.
If an agency relationship was created, the statute of limitations would be tolled until the relationship ceased to exist, on January 27, 1993. Thus, the plaintiff's negligence action would not be barred by the statute of limitations. Viewing the evidence in the light most favorable to the plaintiff it cannot be determined that the defendant is entitled to judgment as a matter of law.
Count three of the plaintiff's complaint is a CUTPA claim. General Statutes § 42-110g (f), of the Connecticut Unfair Trade Practices Act, states, "[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes § 52-595
states, "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Contrary to the plaintiff's argument, the Supreme Court has held that General Statutes § 52-595 does not operate to toll the statute of limitation set forth in § 42-110g (f). Fichera v. MineHill Corporation, 207 Conn. 204, 216, 541 A.2d 472 (1988). Therefore, count three of the plaintiff's complaint is barred by the statute of limitation set forth in § 42-110g (f).
Collateral Estoppel
"[S]ummary judgment is an appropriate vehicle for raising a claim of res judicata. . . ." (Citations omitted.) Joe's Pizza,Inc. v. Aetna Life Casualty Co., 236 Conn. 863, 867 n. 8,675 A.2d 441 (1996). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata."Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374
(1993). "[C]ollateral estoppel precludes a party from CT Page 306 relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." Mazziotti v. AllstateInsurance Company, 240 Conn. 799, 812, 695 A.2d 1010 (1997). "Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Citations omitted; internal quotation marks omitted.) Id. "Both issue and claim preclusion express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Citation omitted; internal quotation marks omitted.) Id., 813.
The parties in the present action and those in the former action are not the same, since the defendants in the present action were not parties in the foreclosure action. Also, the issues litigated in the present action are not identical to those litigated in the foreclosure action. The former action dealt with the (present) plaintiff's unsuccessful CUTPA claims against NSS. The present action involves issues of the alleged negligence of the defendants Gordon and Brown Jacobson, and whether a fiduciary and agency relationship exists between the parties. Accordingly, the plaintiff's action is not barred by collateral estoppel.
Accordingly, the defendant's motion for summary judgment as to counts one and two of the plaintiff's complaint is denied, and is granted with respect to the third count of the plaintiff's complaint.
b. The Plaintiff's Motion for Summary Judgment
In their motion for summary judgment, the plaintiff seeks judgment on the issue of liability arguing in the first instance, that a principal agent relationship was created when the defendant Gordon negotiated the check at issue. Additionally, the plaintiff argues the defendants had a fiduciary duty to the plaintiff which removes the statute of limitations as a bar to this action. In their memorandum in opposition to the plaintiff's motion for summary judgment, the defendants argue that Gordon owed no duty, arising from either an agency or fiduciary relationship, to the plaintiff.
"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is an CT Page 307 issue as to damages." Practice Book § 385. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. NewBritain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996).
"Ordinarily, the question of agency is one of fact to be determined by the trier of fact." West Haven Sound DevelopmentCorp. v. West Haven, 201 Conn. 305, 311, 514 A.2d 734 (1986). There remains a question of fact as to whether or not an agency relationship existed. Further, as this court stated previously, whether a fiduciary duty exists is a question of fact. Dunham v.Dunham, supra, 204 Conn. 303.
For the reasons this court addressed when reviewing the defendants' motion for summary judgment, the plaintiff's motion for summary judgment is also improper.
Accordingly, the plaintiff's motion for summary judgment is denied in its entirety.
IV. Conclusion
The defendants' motion for summary judgment is denied as to counts one and two of the plaintiff's complaint and is granted as to count three of the plaintiff's complaint.
The plaintiff's motion for summary judgment is denied.
D. Michael Hurley Judge Trial Referee