## Tantalas *v.* Commonwealth, Appellant.

Argued March 20, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

*John Alan Conte,* with him *John R. Rezzolla, Jr.,* Chief Counsel, Department of Highways, *Frank E. Roda,* Assistant Attorney General, *Thomas D. McBride,* Attorney General, and *Conte and Courtney,* for appellant.

*George W. Lucas,* with him *James B. Ceris,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, May 2, 1958:

It is the position of the appellant Commonwealth in this case, which involves eminent domain proceedings, that once it has introduced in evidence a highway plan approved by the Governor—which plan reveals that no ground was taken from the person whose property adjoins the highway under construction or improvement—no further factual inquiry is in order. Thus, the Commonwealth contends that the verdict which was awarded the property owners by the jury should be reversed and judgment n.o.v. entered, because the highway plan shows that the highway was confined within the existing right-of-way. The contention must fail. A highway plan, even approved by the Governor of the Commonwealth, is still only a piece of evidence subject to every inquiry and testing which the laboratory of a court room affords.

The plaintiffs here, John and Catherine Tantalas, own land in New Sewickley Township, Beaver County, which yields fruit and vegetables which they sell to travellers on Legislative Route 78 known as Sunflower Road which passes by their property. The owners, in addition, derive a profit from travellers who stop at their tavern and restaurant, also on the land. In 1954 the Commonwealth undertook to raise, widen, and resurface various sections of Sunflower Road, including a stretch of 104.2 feet bordering the Tantalas property. The plaintiffs claim that the Commonwealth, in effecting this improvement, sliced away three and one-half feet of their property. The Board of Viewers, duly summoned, awarded the plaintiffs $2500, and the Commonwealth, even as private individuals who sometimes do not grasp the purport of an advantage, asked for a jury trial in the court of common pleas. This time the Commonwealth was set back $4,000, and it has appealed to this Court, maintaining, as already stated, that it did not take any of the plaintiffs' property and presenting the official highway plan in assumed conclusive proof of that fact.

A plan is a paper containing words, sketches, and lines. If the person or persons who write the words, produce the sketches, and draw the lines, make mental errors, those errors do not cure themselves by being transferred to paper. A mathematical or engineering inaccuracy gains no purging impeccability because repeated several times in different forms. The Commonwealth declares in its brief that "the 'placing' of ground, soil or fill to the extent of three and a half feet, outside of the undisputed right-of-way line, as to plaintiffs' property was not a taking arising out of an eminent domain proceeding but a mere trespass for which recovery cannot be had in this proceeding."

But the plaintiffs disputed this conclusion at the trial. Edward L. Ewing, engineer called by the plaintiffs, testified as follows: "Q. Now, with reference to that center line going in a northerly direction onto his property, *was the highway moved over onto his property on the plaintiffs' property?* A. Yes, three and a half feet. . . . Q. Mr. Ewing, you say all along the front of the building there was three and a half feet *that was taken* by the State? A. That's right." (Emphasis supplied).

Thus, it became a question for the jury as to whether the Commonwealth's or the plaintiffs' witnesses were more correct in appraisal of the physical facts. And the jury found for the plaintiffs in a trial free from error.

The Commonwealth cites the case of *Koontz v. Commonwealth,* 364 Pa. 145, in assumed support of its argument, but that case is authority for the plaintiffs' position. This Court said there: "Obviously, the official plan was not conclusively self-revealing. It required interpretation by qualified engineers or surveyors as to the precise situation, which its drawings portended, on the ground. . ."

It is to be noted that the plan in this case, which the Commonwealth presents as a shining course of incontrovertibility, is itself beset by some shadows which throw the course into a bog or two of uncertainty. Under the heading: "General Notes" we find what could scarcely be regarded as an unerring guiding hand, namely: "The Legal Right-of-Way between Stations 151 plus 87 and 227 plus 68 is *assumed* to be 33 feet in width being *unable to find a specified Right-of-way* on the plan. . ."* (Emphasis supplied)

---

* The plaintiffs' property is located between stations 178 plus 50 and 180 plus 65.

What we said in the *Koontz* case applies here, namely, "Where the controlling legal right-of-way line, as established by the official highway plan, actually ran depended, under the evidence in the case, upon an issue of fact which was for the jury to determine."

Judgment affirmed.

Mr. Justice BENJAMIN R. JONES concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.