## Rapetta Appeal.

Argued October 5, 1961.   Before BELL, C. J., MUS-MANNO, JONES, COHEN and EAGEN, JJ.

*Leonard M. Mendelson*, with him *Charles J. Spinelli*, for appellant.

*Thomas J. Dempsey*, Special Assistant Attorney General, with him *Robert W. Cunliffe*, Assistant Attorney General, *John R. Rezzolla, Jr.*, Chief Counsel, and *David Stahl*, Attorney General, for Commonwealth, appellee.

OPINION PER CURIAM, November 14, 1961:

Pursuant to a duly adopted plan the Commonwealth of Pennsylvania, through the Department of Highways, constructed a new drainage facility extending beyond the previously existing right-of-way into but not beyond the area earlier condemned for slope.   This drainage facility was similar to the two drainage facilities already installed.

There was no taking of additional right-of-way or slope, and the lower court determined that the Commonwealth did not impose upon the property a new and additional servitude which would entitle the owner to compensation.

The lower court's determination that no compensasation was due the owner was properly based on our holding in *Brewer v. Commonwealth*, 345 Pa. 144, 27 A. 2d 53 (1942), that: ". . . drainage is essential to the proper enjoyment of a street or country road. . . . The land . . . was taken long since for a particular public use. Changed conditions made it necessary, in the judgment of the highway department, that a new and better road should be constructed, and this required changes in the drainage system. This was a use of the land of the same character and for the same purpose for which it was originally taken. It was for that use that the owners were compensated when the land was taken originally for public purposes."

Order affirmed.

Justice ALPERN took no part in the consideration or decision of this case.