# Lackawanna Mills et al., Appellants, *v.* Scranton Gas & Water Co.

*Corporations — Water companies — Eminent domain — Title to water—Demurrer—Failure to file bond.*

1. Where a stream has been condemned by a water company under its power of eminent domain, and two corporations present a joint petition for the appointment of viewers to assess damages, and in the petition there is a distinct claim of ownership in the water appropriated, and a demurrer is. filed, it is reversible error for the court to dismiss the petition.

2. In such case, the averments of ownership will be a question preliminarily for the determination of the viewers, subject to review by appeal to the court of common pleas.

3. The fact that two parties claiming under the same assignors have joined in the petition for the appointment of viewers, is not ground for dismissing the petition.

4. Where a water company has condemned a stream and parties claiming ownership therein have presented a petition for appointment of viewers to assess damages, it is immaterial that no mention was made, in the resolution of the company to condemn, of the specific quantity of water appropriated, or of the right therein claimed by the petitioners, nor is the failure to file a bond, in the name of those injured, material.

Argued February 20, 1923. Appeal, No. 275, Jan. T., 1923, by plaintiffs, from order of C. P. Lackawanna Co., Oct. T., 1922 No. 836, dismissing petition for appointment of viewers, in case of Lackawanna Mills and the Scranton Button Co. v. Scranton Gas & Water Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for appointment of viewers. Before MAXEY, J. The opinion of the Supreme Court states the case. Demurrer; petition dismissed. Petitioners appealed.

*Error assigned,* inter alia, was order, quoting record.

*Will Leach,* of *Welles, Leach & Davis,* for appellants. The contract of 1888 is a recognition of plaintiffs' rights to Stafford Meadow Brook and not of defendant's.

One who condemns water must pay damages to injured persons, even though the injured person is not a riparian owner: City of Reading v. Althouse, 93 Pa. 400, 405; Lycoming Gas & Water Co. v. Moyer, 99 Pa. 615; Bryant v. Water Co., 190 Pa. 366; Messinger's App., 109 Pa. 285; Irving v. Media Borough, 10 Pa. Superior Ct. 132.

*Henry A. Knapp,* of *Knapp, O'Malley, Hill & Harris,* and *John F. Kelly,* of *O'Brien & Kelly,* for appellee, cited: Suburban Water Co. v. Boro., 268 Pa. 243.

OPINION BY MR. JUSTICE SADLER, April 9, 1923:

The Lackawanna Mills and the Scranton Button Company are owners of parts of a tract of land in the City of Scranton, known as Block 4. For many years the factories, located upon the property, had secured their water supply by pumping from Stafford Meadow Brook. The Scranton Gas & Water Company desired to make use of the stream and, on April 17, 1888, entered into an agreement with the then owner, Connell & Company, by which the privilege of constructing a dam was granted, with the right to use the surplus flow. In consideration, it was agreed a pipe should be laid to convey an amount of water sufficient to meet the requirements of the grantor, who contracted to pay the sum of $1,000 per year for the use and maintenance of the line. The interests of Connell & Company, under this agreement, were assigned to the purchasers of land in Block 4, and the factories erected thereon were thereafter supplied with water through the pipeline until 1921, when the stream was condemned by the grantee under its power of eminent domain.

Appellants, asserting a property right, as a result of the conveyances to them, presented a joint petition to the court of common pleas, asking for the appointment of

viewers to assess the damages sustained by reason of the taking of the brook, setting forth that, from time immemorial, their predecessors in title had made use of it. An answer was filed, in which the interest of the plaintiffs was denied, and the respondent further demurred. On the theory that no ownership in the water had been made to appear, the learned court below dismissed the proceeding.

In determining the correctness of the conclusion reached, we must, of course, under the pleadings, treat as true all of the relevant statements appearing in the petition filed. It does distinctly set forth a claim of ownership in the water appropriated. Whether the averment is justified is not a matter now requiring consideration. This will be a question preliminarily for the determination of the viewers, subject to review, if desired, by appeal to the court of common pleas. However, as the record stands, the appellants are entitled to be heard by the tribunal provided for the settling of such matters. Though not the subject of discussion by our appellate courts, such has been the practice followed in Pennsylvania, under similar circumstances: Fulmer v. Bangor & Portland R. R. Co., 1 Pa. C. C. R. 46; Herner v. P. S. V. R. R. Co., 1 Pa. C. C. R. 43; Updegrove v. Schuylkill Valley R. R. Co., 3 Pa. C. C. R. 74.

The fact that no mention was made, in the resolution of the company which authorized the taking, of the specific quantity of water appropriated, or of the right therein claimed by the petitioners, does not prevent the approval of the application to have the damages assessed; nor is the failure to file a bond in the name of those injured material: Bowers v. Citizens Water Co., 162 Pa. 9; Hannum v. Borough of West Chester, 63 Pa. 475; Bethlehem South Gas & Water Co. v. Yoder, 112 Pa. 136. There is likewise no merit in the objection that two parties, claiming under the same assignor, have joined in the prayer for relief. The right of each will necessarily be considered separately. It has long been the practice in

Pennsylvania to have the same board of viewers consider the demands of all parties for damages arising from a single taking, as, for example, where highways are opened, vacated, or the grade changed. No harm can be done to the respondent by following such a course, as the right to compensation in each case will be dependent upon the proof of title to the property destroyed or injured, if any, and the loss incurred. In some states, the uniting of all parties affected by the taking is expressly provided for, but, as said by Lewis, in his work on Eminent Domain, 3d ed., p. 963, "if the statute is silent on the subject, or its language doubtful, the courts favor a construction which permits the joinder in one proceeding of all parties in interest."

Without expressing any opinion as to the right of the present appellants to ultimately recover, we are convinced that, in view of the pleadings, their prayer should have been granted and viewers appointed. The latter can determine, after hearing, whether any compensable injury has been suffered, subject, of course, to subsequent review on appeal.

The judgment of the court below is reversed, and the record is remitted, with directions to proceed in accordance with the views herein expressed.