270

Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Township of Palmer, Appellee.

Argued October 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Lawrence R. Weider,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Franklin S. Van Antwerpen,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 19, 1974:

The Commonwealth of Pennsylvania, Department of Transportation (Commonwealth) appeals from an order of the Court of Common Pleas of Northampton County which dismissed its preliminary objections to a petition for the appointment of viewers filed by Palmer Township (Township), a township of the second class within Northampton County.

On August 16, 1973, the Township petitioned for the appointment of a board of viewers, and by order of court viewers were appointed *eo die*. The petition alleged that as a result of the Commonwealth's construction of Route 33, a state highway, and connecting ramps to U.S. Route 22, surface waters have been "altered, collected, diverted and concentrated" upon six roadways dedicated to and maintained by the Township. This diversion and concentration of surface waters has allegedly interfered with the use and maintenance of the roads so as to constitute an "injury" for which just compensation must be paid under our Federal and State Constitutions, and the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, *as amended*, 26 P.S. §1-101 et seq. (Supp. 1974-1975). Neither the pleadings nor the proceedings below indicate the distance each township road is from Route 33, but counsel for the Township has stipulated that none of the roads abut Route 33. The Commonwealth duly filed the instant preliminary objections alleging, *inter alia*, (1) that the petition fails to set forth a claim for consequential damages under Section 612 of the Eminent Domain Code, 26 P.S. §1-612; and (2) that the property allegedly damaged was not "private property," and hence is not entitled to the payment of just compensation.

The issue for our determination is whether the above averments, admitting as true all well and clearly pleaded

facts but not conclusions of law,[1] state a cause of action for compensable injury under the Eminent Domain Code, Article I, Section 10 of the Pennsylvania Constitution,[2] or the Fifth Amendment of the United States Constitution.[3]

It is immediately apparent that the Commonwealth is not liable for consequential damages under Section 612 of the Eminent Domain Code inasmuch as the Township has stipulated that the roadways allegedly affected by the drainage from Route 33 do *not* abut the highway or its improvements. Section 612, which expanded the Commonwealth's liability to consequential damages where none had existed prior to the passage of the Eminent Domain Code, provides as follows: "All condemnors including the Commonwealth of Pennsylvania, shall be liable for damages to property *abutting the area of an improvement* resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken." (Emphasis supplied.) 26 P.S. §1-612 (Supp. 1974-1975). Because it is admitted that the property here does not abut the area of improvement, it is clear that the Commonwealth is not liable for consequential damages absent an actual "taking" of the Township's property. *Pane v. Department of Highways,* 422 Pa. 489, 222 A. 2d 913 (1966).

Nor do we find from an examination of the facts well pleaded that a "taking" in the constitutional sense has occurred.[4] In *Ewalt v. Pennsylvania Turnpike*

---

[1] *Commonwealth's Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 281 A. 2d 909 (1971).

[2] Providing: ". . . nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured."

[3] Providing: ". . . nor shall private property be taken for public use, without just compensation."

[4] As the Township's petition for the appointment of viewers does not allege the filing of a declaration of taking, it apparently bases

*Commission,* 382 Pa. 529, 115 A. 2d 729 (1955), an action in equity was instituted against the Turnpike Commission to compel it to restore a private plaintiffs' stream-fed lake to its condition prior to the construction of a turnpike extension. The complaint averred that as the result of cuts and fills left exposed during construction of the highway, and while in operation, large quantities of water runoff and erosion had polluted the creek leading to plaintiffs' lake. In determining whether the Commonwealth was liable for this injury, on the theory of a continuing trespass, the Court stated:

"That the damages whereof the plaintiffs complain are consequential and not direct is clear. Contrary to the plaintiffs' contention, there was no *taking* of their property. Nor did the defendant make entry thereon within the legal significance of that term. And, when property is not actually taken or entered but an injury to it occurs as the natural result of an act lawfully done by another, the damages are consequential: Soldiers and Sailors Memorial Bridge, 308 Pa. 487, 490, 162 A. 309. Here, the averments of the plaintiffs' complaint, which must be taken as true for present purposes, show an injury to the plaintiffs' property occurring as the natural result of the defendant's lawful actions.

"It is also true that Article XVI, Section 8 of the Pennsylvania Constitution, which imposes on municipal and other corporations and individuals invested with the power of eminent domain liability for consequential damages occasioned by an exercise of the power, has no

---

its theory of recovery upon the concept of a "de facto taking" recognized by Section 502(e) of the Eminent Domain Code, 26 P.S. §1-502(e) (Supp. 1974-1975). Such a "taking" occurs "when the entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property." *Griggs v. Allegheny County* 402 Pa. 411, 414, 168 A. 2d 123, 124 (1961), *rev'd on other grounds,* 369 U.S. 84 (1962).

274

application to the Commonwealth. Nor is there any general legislation imposing such a liability on the Commonwealth. In Heil v. Allegheny County, 330 Pa. 449, 453, 199 A. 341, it was said that,—'To support a recovery of damages from the Commonwealth in cases where property is not actually taken by it, there must be an act of the legislature expressly imposing such liability.' See, also, Brewer v. Commonwealth, 345 Pa. 144, 145, 27 A. 2d 53. By like token 'When the Commonwealth exercises its right of eminent domain and injures but does not take property, it is not required to compensate for the consequential injury': Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee, v. Philadelphia, 351 Pa. 214, 217, 40 A. 2d 461. It was further recognized in Koontz v. Commonwealth, 364 Pa. 145, 147, 70 A. 2d 308, that '. . . a trespass outside the right of way, condemned for the highway purpose, is not a compensable element of damage in a proceeding for the ascertainment of damages due to the Commonwealth's exercise of its power of eminent domain (Culver v. Commonwealth, 346 Pa. 262, 264-265, 29 A. 2d 531).'" 382 Pa. at 533, 534, 115 A. 2d at 731, 732. *See also Sanguinetti v. United States,* 264 U.S. 146 (1924).

We hold that the facts of the instant case are within the concept enunciated by *Ewalt.* Therefore, the alleged injury is not a "taking," but is merely a consequential injury against which the Commonwealth is immunized. We recognize that the parameters of this immunity have been significantly limited by the enactment of Section 612 of the Eminent Domain Code, but, absent abutment, the Township is without a remedy.

Having determined that Township has failed to state a cause of action under Section 612 of the Eminent Domain Code or a de facto taking, it is unnecessary for us to consider Commonwealth's alternative objection that

the property taken does not constitute "private property" and hence is not compensable.

Consistent with the foregoing, we enter the following

### ORDER

AND NOW, this 19th day of December, 1974, the order of the court below is reversed, and the proceedings are remanded to said court with instructions to dismiss the Township's petition for the appointment of viewers.