Condemnation of 2719, 2721 and 2711 E. Berkshire Street By The Pennsylvania Department of Transportation Legislative Route 1000, Section H-1 Approaches to Betsy Ross Bridge.

Raymond and Florence Collins, Edward and Ida Hall and Wallace and Jean Gorski, Appellants.

Argued April 1, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David S. Winston,* for appellants.

*Louis J. Presenza,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, August 1, 1975:

Raymond and Florence Collins, Edward and Ida Hall and Wallace and Jean Gorski (landowners) appeal from an order of the Court of Common Pleas of Philadelphia. That court sustained preliminary objections filed by the Department of Transportation (Department) to the landowners' petition for the appointment of viewers.

The petition, filed on February 19, 1974, identified the petitioning landowners along with the locations of their respective properties on E. Berkshire Street. In addition, it alleged that:

"On or about August 1, 1973, and continuing to or about December 31, 1973, the Pennsylvania Department of Transportation (PennDot), through its agents, employees and contractors drove and placed into being numerous steel and concrete pilings and pillars as the support for ramps leading to and from the Betsy Ross Bridge. The use of driving, placing and other construction methods, in the immediate vicinity of the 2700 block East Berkshire Street caused injuries and damages to the dwellings then and there constituting private properties."

Furthermore, the petition asserted that a condemnation had taken place and the viewers ought to be appointed in order to assess damages. The landowners' right thereto is allegedly founded in Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e) which provides:

"(e) If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury."

The Department's preliminary objections assert that a single petition may not properly include three separate properties under separate ownership. The preliminary

objections also assert that the Commonwealth is not liable because there has been no taking and because the damages claimed are not those allowed by statute. On July 5, 1974 the lower court sustained the preliminary objections without holding a hearing, and, despite this appeal, no opinion has been filed.

Section 502 of the Eminent Domain Code, 26 P.S. §1-502, which sets out the required contents of a petition for the appointment of viewers, is not explicit on the question of whether or not more than one landowner may join the filing of such a petition. It is clear, however, from a reading of Section 507, 26 P.S. §1-507 that where more than one party has an interest in property condemned, the claims of all such parties shall be heard together. It would appear, therefore, that the multiple condemnees envisioned by Section 507 should be permitted to join in a single petition for the appointment of viewers under Section 502. Where, for example, tenants claim damages as a result of a condemnation, Section 502 (a) (4)· provides that their claims clearly should be set forth in the same petition with the owner in fee of the condemned property, and Section 507 requires the viewers to fix the total amount of damages *and* to apportion damages among the claimants. Thus on appeal the claim of one of the parties may be tried separately without trying the claims of all, if the other claimants are satisfied with their awards and the condemnor has not appealed the entire award. We believe that the same procedure may take place where, as here, multiple condemnees, who own separate parcels in fee, claim that they are entitled to recover damages as the result of a single act of condemnation which affects all of their parcels. *See Lackawanna Mills v. Scranton Gas & Water Co.*, 277 Pa. 181, 120 A. 814 (1923). We note that Section 502 (g) vests in the lower court discretion to order separate viewers' proceedings in the furtherance of convenience or to avoid prejudice, where more than one

property has been included in a single petition. The Code therein implicitly recognizes that separate properties may be included in a single petition and it provides a remedy to avoid the dangers which could result.

The landowners' difficulties, however, are more basic. They have failed to allege that the Department's actions are the result of a lawful exercise of its eminent domain power. It is well established that acts not done in the exercise of the right of eminent domain and not the immediate, necessary or unavoidable consequence of the right, cannot be the basis of any claim in that proceeding. *Culver v. Commonwealth*, 346 Pa. 262, 29 A.2d 531 (1943). No recovery can be had in an eminent domain proceeding where one's injuries result from a trespass. *Burkholder v. Commonwealth*, 347 Pa. 478, 32 A.2d 745 (1943). By the same token, a *de facto* taking cannot result from negligent acts committed by agents of the body charged with the power of eminent domain. *Department of Transportation v. Castillo*, 14 Pa. Commonwealth Ct. 22, 321 A.2d 394 (1974).

Moreover, even if the landowners' damages here did arise as the result of the Department's exercise of its eminent domain power, no recovery can be had against the Commonwealth because the landowners have merely alleged damages to their property, not a taking thereof. Article X, Section 4[1] of the Pennsylvania Constitution imposes on municipal and other corporations, invested with the power of eminent domain, liability for consequential damages occasioned by an exercise of the power but it has no application to the Commonwealth. *Ewalt v. Pennsylvania Turnpike Commission*, 382 Pa. 529, 115 A.2d 729 (1955); *Department of Transportation v. Township of Palmer*, 16 Pa. Commonwealth Ct. 270, 329 A.2d 871 (1974). "To support a recovery of damages from the

---

1. Article XVI, Section 8, formerly covered the same subject matter.

Commonwealth in cases where property is not actually taken by it, there must be an act of the legislature expressly imposing such liability." *Ewalt, supra,* 382 Pa. at 534, 115 A.2d at 731; *Heil v. Allegheny County,* 330 Pa. 449, 453, 199 A. 341, 343 (1938); *Township of Palmer, supra,* 16 Pa. Commonwealth Ct. at 274, 329 A.2d at 873.

Section 612 of the Eminent Domain Code, 26 P.S. §1-612 does impose some liability upon the Commonwealth for consequential damages:

"All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken."

The landowners here, however, have not alleged the type of damages described in this section nor have they even alleged that their property abuts the area of the improvement. They, therefore, can have no claim for consequential damages.

The order of the lower court is, therefore, affirmed.