Gerald D. Yingst and Mary M. Yingst *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

172

Argued March 3, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS and BLATT. Judge KRAMER did not partici-
pate.

*Lawrence R. Wieder,* Assistant Attorney General,
with him *Robert W. Cunliffe,* Deputy Attorney General,
and *Robert P. Kane,* Attorney General, for appellant.

*Clyde W. McIntyre,* with him *Delano M. Lantz,* and
*McNees, Wallace & Nurick,* for appellees.

OPINION BY JUDGE ROGERS, March 26, 1976:

The parties to these eminent domain proceedings, the
Commonwealth's Department of Transportation, on the
one hand, and Gerald D. Yingst and Mary M. Yingst, his
wife, on the other, have been maneuvering for two years
to get positions each believes most conducive to it for
favorable resolution of a simple legal issue—that of

whether, where a husband conducts a business on several tracts of land, one of which is in the husband's and wife's names as tenants by entireties, and others titled in the husband's name alone, husband and wife are entitled to have damages to all tracts assessed as if all were one parcel as provided by Section 605 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-605.[1]

Five tracts of land located in Dauphin County were used by Gerald D. Yingst for the conduct of a mobile home sales business. Three were titled to Gerald D. Yingst, one was titled to Gerald D. Yingst and Mary M. Yingst, his wife, and one was leased by Gerald D. Yingst from another. The Commonwealth Department of Transportation in connection with a highway project filed two Declarations of Taking, one for a right-of-way over the tract owned by Gerald D. Yingst and Mary M. Yingst, and the second for fee simple title to two and an easement for right-of-way over one of the three tracts titled to Gerald D. Yingst. In addition, the Commonwealth purchased the tract which Gerald D. Yingst rented and notified him to vacate, with which notice he complied. As to the leased premises, it seems clear that the Commonwealth's purchase was in lieu of condemnation and that the notice to vacate was given in pursuance of the highway project and that a de facto taking of Yingst's leasehold interest was thereby effected.[2]

---

1. Section 605 reads as follows:

"Where all or a part of several contiguous tracts *owned by one owner* is condemned or a part of several non-contiguous tracts *owned by one owner* which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel." (Emphasis supplied.)

2. As will be noted later in this opinion, the Yingsts filed an amended petition for appointment of viewers to assess damages to all five tracts alleging that the leased tract had been the subject of a de facto taking. The lower court overruled the Commonwealth's preliminary objections to this petition—which objections

The Commonwealth, to Dauphin County Docket 535, January Term 1975, petitioned for the appointment of viewers for the three tracts owned by Mr. Yingst. The Yingsts, husband and wife, filed preliminary objections to this petition on the grounds, *inter alia*, that it did not include all of their tracts involved in the mobile home sales operation.

To Dauphin County Docket No. 626, January Term 1975, the Yingsts filed a petition and an amended petition for the appointment of viewers to assess damages for the formal taking of the four tracts owned by the Yingsts and for the assessment of damages for the condenmation of Mr. Yingst's leasehold interest in the fifth tract. The Commonwealth filed preliminary objections to this petition.

Next, the Yingsts filed a motion for consolidation into a single proceeding of both the Commonwealth's petition for viewers for the three tracts owned by Mr. Yingst (No. 535 January Term, 1975) and their petition for viewers to assess damages as to all tracts (No. 626 January Term, 1975).

The court below by two orders bearing the same date, (1) sustained the Yingsts' preliminary objections to the Commonwealth's petition for the appointment of viewers for the three tracts owned by Mr. Yingst (No. 535 January Term, 1975), and (2) overruled the Common-

---

asserted, *inter alia*, that there was no de facto taking of the leasehold. The Yingsts' brief filed in this Court states that the Commonwealth in a brief filed in a court below conceded that there had been a de facto taking of the leasehold and the Commonwealth's brief filed in this Court does not specifically quarrel with the lower court's action overruling this objection.

The Yingsts filed a motion to quash the Commonwealth's appeals to this court as interlocutory. President Judge Bowman, for this Court, overruled the motion to quash on the authority of *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972), holding that an order dismissing preliminary objections to a petition for the appointment of viewers asserting a de facto taking is an appealable order.

wealth's preliminary objections to the Yingsts' petition to appoint viewers to assess damages for all five tracts and granted the Yingsts' motion that viewers should be appointed to assess damages to all of the condemned parcels in a single proceeding (No. 626 January Term, 1975).

The Commonwealth thereupon appealed both orders to this Court.

Although the availability of the unity of use rule of Section 605 of the Eminent Domain Code was extensively briefed and presumably argued in the court below, no opinion was written. We have, therefore, no means of knowing whether the lower court concluded that the unity of use provision should apply despite the facts that one of the lots was owned by the Yingsts as tenants by the entireties and the others owned or, in one case, leased by Mr. Yingst alone, or whether the court merely consolidated the claims of Mr. Yingst on the one hand and Mr. and Mrs. Yingst on the other, for hearing by the viewers as separate claims to be assessed separately in a single proceeding. Nevertheless, the Commonwealth contends that the court's order implies that the unity of use rule is applicable although there are different owners. The Yingsts, on the contrary, state that the orders imply no such decision and that the consolidation effected by the court below was a mere invocation of Section 502(a)(5) of the Eminent Domain Code, 26 P.S. §1-502(a), and our holding *In re Condemnation of 2719 East Berkshire Street*, 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975) that more than one landowner may join in a single petition for appointment of viewers for the assessment of damages to their separate properties arising out of a single act of condemnation. The Yingsts assert, therefore, that the issue of the application of the unity of use rule of Section 605 remains to be decided below. We are unable to make the inference suggested by the Commonwealth. It was clearly within the discretion

of the court below to require that the cases be consolidated for the Board of View's hearing, leaving to the Board of View the decision in the first instance of whether the unity of use rule of Section 605 should be applied. We have concluded that we should assume that this is what the court intended. We point out that whatever the viewers decide is subject to review by the court below if an appeal from the report of the viewers raising an objection of law is taken pursuant to Section 515 of the Eminent Domain Code, 26 P.S. §1-515.

We therefore affirm the orders of the court below and remand the record for further proceedings.