In Re: The Matter of the Condemnation of 14 East Maple Street, New Castle, Pennsylvania, Being the Property of: Joseph P. and Mary Monaco *v.* Commonwealth of Pennsylvania, Department of Transportation. The Commonwealth of Pennsylvania, Appellant.

388

Argued May 3, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Thomas M. Piccione,* with him *Shumaker, Shumaker & Piccione,* for appellees.

OPINION BY JUDGE BLATT, September 13, 1976:

In 1973, the Commonwealth of Pennsylvania, Department of Transportation (PennDOT), completed the construction of a viaduct near property owned by Joseph P. Monaco and Mary Monaco, husband and wife, in the City of New Castle, Pennsylvania. On October 4, 1973, the Monacos petitioned the Court of Common Pleas of Lawrence County for the appointment of a Board of Viewers to assess the damage to their property caused by the construction and operation of the viaduct. PennDOT filed preliminary objections to the petition, the Monacos' depositions were taken and the lower court issued an order, dated October 20, 1975, which dismissed the objections.[1] PennDOT has appealed.

The Monacos claimed damages[2] due to a "defacto" taking of their personal residence, and the business operated therefrom, pursuant to Section 502(e) of the

---

[1] The lower court "overruled" the preliminary objections and ordered the Monacos to amend their petition to allege that their property abuts the viaduct. We note that the court, on October 3, 1973, had appointed a board of view to ascertain and award just compensation to the Monacos. It appears, therefore, that after the determination of the PennDOT's preliminary objections, the matter would proceed to the viewers without further judicial proceedings. Although the form of this procedure, as explained in this opinion, is correct, substantive errors require a remand for further action by the lower court.

[2] Although the petition is inartfully drawn in that it does not indicate the sections of the Eminent Domain Code relied upon, the petition is titled as a condemnation of the affected property and, although the petition should be amended, we have considered petitions in this form previously. *See Condemnation of 2719, 2721 and 2711 E. Berkshire Street,* 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975).

Eminent Domain Code[3] (Code), 26 P.S. §1-502(e), which provides as follows:

"If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers . . . setting forth such injury."

The Monacos further claimed damages for a "change of grade" due to the construction of the viaduct pursuant to Section 612 of the Code, 26 P.S. §1-612, which provides as follows:

"All condemnors, including the Commonwealth of Pennsylvania shall be liable for damages to property *abutting the area of an improvement resulting from change of grade of a road or highway,* permanent interference with access thereto, or injury to surface support, whether or not any property is taken." (Emphasis added.)

The procedure to have been followed in the lower court was succinctly presented by President Judge JAMES S. BOWMAN in *In Re: Petition of James E. Ramsey,* 20 Pa. Commonwealth Ct. 207, 210, 342 A.2d 124, 126 (1975) as follows:

"In Jacobs v. Nether Providence Township, 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972), this Court delineated the responsibilities of lower courts when confronted with a petition for appointment of viewers to which preliminary objections had been filed. Therein we held that if a preliminary objection in the nature of a demurrer was filed, the lower court must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action of a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or possibly allow the petitioner to

[3] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

amend his pleading. If the averments, taken as true, might establish a de facto taking, the lower court must take evidence by deposition or otherwise so that a judicial determination might be made." *Accord, City of Philadelphia v. Airportels, Inc.*, 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974).

As to whether or not there has been a "de facto" taking, it has been previously held that where an entity, clothed with the power of eminent domain, exercises that power and the immediate, necessary, and unavoidable consequence of that exercise is to destroy, injure or damage private property so as to substantially deprive an owner of the beneficial use and enjoyment thereof, an "inverse condemnation" or "de facto" taking of said property has occurred and just compensation must be paid. *Conroy-Prugh Glass Company v. Commonwealth*, 456 Pa. 384, 321 A.2d 598 (1974); *Condemnation of 2719, 2721 and 2711 E. Berkshire Street*, 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975); *In Re: Petition of Cornell Industrial Electric, Inc.*, 19 Pa. Commonwealth Ct. 599, 338 A.2d 752 (1975); *Commonwealth's Crosstown Expressway Appeal*, 3 Pa. Commonwealth Ct. 1, 281 A.2d 909 (1971). In their petition, the Monacos here alleged that "as a result of the construction of said highway . . . and the continued use, maintenance and operation of said highway, the petitioner's residence has settled, cracked, become weakened and been otherwise damaged, and will . . . continue to settle, crack, weaken and be otherwise damaged."

Their testimony, taken by deposition, asserts that their property is located about 35 feet from the viaduct, that it has been damaged by dust, noise, and vibration caused by the construction and use of the viaduct, and that they have been substantially deprived of the use and benefit of their property.

After a trial court has determined that the factual averments of a petition state a legal cause of action, all factual disputes raised by the pleadings must be resolved, and then the court must answer the legal question of whether or not a de facto taking has occurred *before* the matter may proceed to the board of view. *In Re: Petition of James E. Ramsey, supra.* Although the lower court here apparently made the threshold determination that a legal cause of action had been stated and it therefore "overruled" PennDOT's objections, we are unable to determine from an examination of its opinion whether or not it has made findings on the factual averments of the Monacos and whether or not it has determined as a matter of law that a "de facto" taking has occurred.[4]

As to consequential damages, the Commonwealth is liable for such, pursuant to Section 612 of the Code, only when the affected property abuts the area of improvement and the damages suffered are those enumerated in the statute. *Condemnation of 2719, 2721 and 2711 E. Berkshire Street, supra; Commonwealth v. Township of Palmer,* 16 Pa. Commonwealth Ct. 270, 329 A.2d 871 (1974). It is necessary that the trial court determine the facts and then rule as a matter of law as to whether or not Section 612 damages have

---

[4] The lower court began its opinion by stating that "the evidence of record *indicates* that the plaintiff's have a valid claim under both [Section 502(e) and 612 of the Code]." Further indefinite statements followed: "accepting these facts as true . . . the plaintiffs have *alleged* sufficient facts upon which to base [their claim]," "[t]he *factual allegations, if proved* [establish a cause of action]" and "[t]he plaintiff's depositions *indicate* that at least one corner of their property abuts the Mahonington viaduct." (All emphasis added.) We cannot determine, nor will we speculate, as to whether or not the lower court reached any legal conclusions, but it, not the board of viewers, must determine all legal questions. *Greger v. Canton Township,* 25 Pa. Commonwealth Ct. 279, 360 A.2d 793 (1976).

been suffered *before* the matter proceeds to a board of viewers. *See Commonwealth v. Palmer, supra; cf. Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1971). Here again, we find it impossible to determine from the lower court's opinion whether or not the required determinations have been made in this case.[5]

While we would prefer to avoid further delay in this matter by ruling here on the question as to whether or not a "de facto" taking has occurred and as to whether or not PennDOT is liable to the Monacos for Section 612 damages, the record before us does not enable us to review the trial court's legal determinations, and, therefore, we must remand. *Wallingford-Swarthmore School District and Borough of Swarthmore Tax Appeals,* 7 Pa. Commonwealth Ct. 60, 298 A.2d 278 (1972).

ORDER

AND Now, this 13th day of September, 1976, the order of the Court of Common Pleas of Lawrence County is reversed and the case is remanded for further proceedings consistent with this opinion.

---

[5] The lower court's opinion is ambiguous (See footnote No. 4). In addition, the record is not clear as to exactly what property was taken by PennDOT and as to the nature of the title obtained, nor is it clear what part of the property concerned abuts the improvement.