In Re: Value of Lands of Chestnut Hill Enterprises, Inc. Etc.

Chestnut Hill Enterprises, Inc., Appellant.

Argued November 18, 1981, before President Judge CRUMLISH, JR. and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*James W. McNulty,* for appellant.

*Lawrence J. Moran,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 14, 1982:

Chestnut Hill Enterprises, Inc. (Chestnut Hill) appeals from an order of the Court of Common Pleas of Lackawanna County sustaining the preliminary objections of the Borough of Mayfield directed at Chestnut Hill's petition for appointment of viewers pursuant to the provisions of Section 502(e) of the Eminent Domain Code.[1] We affirm the order of the court below.

In March of 1978, the Borough, through a subcontractor, entered and excavated an area of Chestnut Hill property in order to alleviate a flooding situation emanating from the property. The Borough evidently had neither the permission of the landowner nor had it filed a declaration of taking prior to undertaking this task. In November of 1979, pursuant to Section 502 of the Eminent Domain Code, Chestnut Hill filed a petition for the appointment of viewers alleging that a de facto taking had occurred without a declaration of condemnation having been filed by the Borough. On the same day, the court appointed a board of view. The Borough filed preliminary objections to the petition and an evidentiary hearing was held on June 11, 1980. A month later, the court below, per Judge COTTONE, sustained the preliminary objections of the Borough finding that Chestnut Hill neither averred injury or damage to its property nor

---

[1] Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), provides in part:

Petition for the appointment of viewers

. . . .

(e) If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers . . . *setting forth such injury.* (Emphasis added.)

met its burden of proof in the matter. The court below, however, allowed Chestnut Hill to file an amended petition setting forth its claimed injuries. Chestnut Hill then elected not to file an amended petition, but rather appeals from the final order of the court dated September 5, 1980, dismissing Chestnut Hill's petition for appointment of viewers.

Our scope of review in a case where the lower court has sustained preliminary objections to a petition for an appointment of viewers is limited to a determination as to whether or not the findings are supported by competent evidence or an error of law was committed.

*Miller Appeal,* 55 Pa. Commonwealth Ct. 612, 615, 423 A.2d 1354, 1356 (1980).

Although the court below never made specific findings of fact, it did hear and see witnesses and was presented a map of the Chestnut Hill property complete with the site of the ditch.

A 'de facto' taking occurs where 'an entity, clothed with the power of eminent domain, exercises that power and the immediate, necessary, and unavoidable consequence of that exercise is to destroy, injure or damage private property *so as to substantially deprive an owner of the beneficial use and enjoyment thereof,'* and just compensation must be paid. (Emphasis added.)

*Harborcreek Township v. Ring,* 48 Pa. Commonwealth Ct. 542, 545, 410 A.2d 917, 918 (1980), quoting *Monaco v. Department of Transportation,* 26 Pa. Commonwealth Ct. 387, 391, 363 A.2d 857, 859 (1976).

After a careful review of the record, we find no action on behalf of the Borough that amounted to a de facto taking.

Finding the procedure, opinion and order of the court below to be both proper, fair and based on substantial evidence, we affirm on the able opinion of Judge COTTONE.

### ORDER

The order of the Court of Common Pleas of Lackawanna County, Civil Division No. 987 November Term 1979, is affirmed.

Judge MACPHAIL dissents.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.