## Wilt v. Borough of Salisbury

*James R. Cascio,* for plaintiffs.
*Kenneth W. Johnson,* for defendant.

SHAULIS, *J.,* October 26, 1982—This case is before us on property owners' petition for appointment of Board of View.

Plaintiffs, Kenneth R. Wilt and Jean E. Wilt, allege that they have suffered damages due to a de facto taking by defendant, Borough of Salisbury. More specifically, plaintiffs claim that defendant opened, graded and put into use as a public street, and alley or street adjoining their premises. This in turn has purportedly caused a substantial amount of water and debris from the street to flow on to the plaintiffs' property and accumulate in their basement and drains. Consequently, plaintiffs request a Board of View to assess the damages sustained. Defendant has filed preliminary objections to plaintiffs' request.

## DISCUSSION

Plaintiffs do not allege that defendant has filed a declaration of taking. Therefore, they base their theory of recovery on a de facto taking which is recognized in §502(e) of the Eminent Domain Code. 1964, Special Sess., June 22, P.L. 84, Art. V, §502, as amended 1969, Dec. 5, P.L. 319, §1, 26 P.S. 1-502 (Supp. 1982-83). See also: Conroy-Prugh Glass Co. v. Com., 456 Pa. 384, 321 A. 2d 598 (1974); Dept. v. Palmer Twp., 16 Pa. Commw. 270, 329 A. 2d 871 (1974); Sarver v. Commonwealth (No. 1), 36 Somerset L. J. 180 (1977). Judge Coffroth in Sarver, Id. at 187, defines a de facto taking

as a, "[T]aking in which there has been no formal condemnation and the taking (if any) arises by implication from the effects of governmental action upon claimant's land."

The pertinent parts of sec. 502 are as follows:

§ 1-502. Petition for the appointment of viewers

(a) The condemnee may file a petition requesting the appointment of viewers, setting forth:

(1) A caption which shall be the caption of the proceeding substantially as set forth in the declaration of taking, with an identification of the petitioner and his property. The petitioner shall be designated as the plaintiff. Except as otherwise ordered by the court, the viewers' proceedings shall be at the same court term and number as the declaration of taking.

(2) The date of the filing of the declaration of taking and whether any preliminary objections thereto have been filed and remain undisposed of.

(3) The name of the condemnor.

(4) The names and addresses of all condemnees and mortgagees known to the petitioner to have an interest in his property and the nature of their interests.

(5) A brief description of his property which may include any or all of his properties in the same county taken, injured or destroyed for the same purpose by the condemnor, whether by the same or separate declarations or without a declaration of taking.

(6) A request for the appointment of viewers to ascertain just compensation.

(e) If there has been a compensable injury and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in

subsection (a) of this section, setting forth such injury.

The origin of how to determine whether a taking is sufficient for compensation purposes was delineated in Griggs v. Allegheny County, 402 Pa. 411, 168 A. 2d 123 (1971), rev'd on other grounds, 369 U.S. 84 (1962), where the Pennsylvania Supreme Court indicated that, "A taking occurs when the entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property." See also: Redevelopment Auth. of Oil v. Woodring, 498 Pa., 180, 445 A. 2d 724 (1982); Conroy-Prugh Glass Co. v. Com., supra; Commonwealth Appeal., 422 Pa. 72, 221 A. 2d 289 (1966). The Commonwealth Court has characterized this deprivation or interference as a de facto taking. Greger v. Canton Twp., 41 Pa. Commw. 20, 399 A. 2d 138 (1979).

A taking does not require the actual physical possession of property, but may result from an interference that deprives a possessor from enjoying the common incidents of ownership. Commonwealth v. Spear, 38 D.&C. 2d 210 (1965). rev'd on other grounds 422 Pa. 72, 221 A. 2d 289 (1966); Sarver v. Commonwealth (No. 1), supra. This deprivation of the use and enjoyment of property must be due to exceptional circumstances and significant facts in order for a condemnee to prevail. See Conroy-Prugh Glass Co. v. Com., supra; Appeal of Jacobs, 55 Pa. Commw. 142, 423 A. 2d (1980); E. Snitzer, Pa. Eminent Domain, Supp. §201(1)(1)(b) (1965).

We are confronted with several tasks when examining the merits of a petition for viewers:

"(1) To determine whether as a matter of law the averments of the petition, taken as true for purposes of disposing of the objections, are sufficient to

state a legal claim for a de facto taking, (2) if the averments are insufficient, to dismiss the petition or allow amendment, or (3) if the averments are sufficient, to receive evidence in order to determine whether in fact and law there has been a compensable taking or injury." Sarver v. Commonwealth (No. 1), supra. at 189.

The first question then, is to determine whether plaintiffs' petition is sufficient to state a de facto taking.

"A petition by a property owner for the appointment of viewers, averring that respondents have directed the natural flow of water so that sewage, waste water and debris are continually deposited upon petitioner's property, sufficiently sets forth a de facto taking or injury." Greger v. Canton Twp., 73 D.&C. 2d 226 (1975). Following this view would lead us to the conclusion that plaintiffs have adequately stated a de facto taking as their petition describes the origin of the injury with its current effects.

Our next inquiry is to determine if a de facto taking has actually occurred.

Jacobs v. Nether Providence Twp., 6 Pa. Commw. 594, 297 A. 2d 550 (1972), indicated that a municipality may be liable for a compensable injury when an improvement that it approved creates the harm.

The court in Greger v. Canton Twp., 41 Pa. Commw. 20, 399 A. 2d 138 (1979), found that storm drainage that enters the property of a landowner as a direct and necessary consequence of a municipality may constitute a de facto taking. See also: Petition of 1301 Filbert Ltd. Partnership, 64 Pa. Commw. 605, 441 A. 2d 1345 (1982) and Sarver v. Commonwealth (No. 1), supra, for discussion on what is a de facto taking.

Thus, highway drainage onto a property owner's land may result in a de facto taking. See: Greger v. Canton Twp., 41 Pa. Commw. 20, 399 A. 2d 138 (1979); Sarver v. Commonwealth (No. 2), 36 Somerset L.J. 199 (1979); Sarver v. Commonwealth (No. 1), supra. As such, the plaintiffs are faced with the burden of proof; and the burden is heavy. Helms v. Chester Redevelopment Auth., 32 Pa. Commw. 377, 379 A. 2d 660 (1977).

A review of the evidence would appear to be in order at this time. At the hearing there was conflicting testimony as to when the alley was graded and opened. Mr. Wilt testified that he believed that this occurred on or around August 1, 1981. On the other hand, Mr. Hilt, president of Borough Council and testifying on behalf of the Borough, indicated that his records showed that the work was completed on or around October 13, 1980. On cross examination Mr. Hilt stated that there could have been some work performed in August, 1981, to clean up weeds and the like that had grown due to the alley lying dormant.

In any event, for this to be considered a de facto taking the damages must be a direct and necessary result of the grading and opening the alley. See Greger v. Canton Twp., 41 Pa. Commw. 20, 399 A. 2d 138 (1979). The evidence tends to indicate that the flooding of plaintiffs' property began sometime after the grading of the alley, whenever that may have been. The borough did not present sufficient or contradicting evidence that would connect the flooding to other causes. Thus, this case can be distinguished from Sarver v. Commonwealth (No. 2), supra, where evidence was offered to reveal that the drainage flow problem was caused by an increase in the rainfall.

Accordingly, since the flooding appears to have

been directly linked to the Borough's excavation, improvements and other work involved on the alley, we find that a de facto taking did occur. Our conclusion seems to be consistent with the Pennsylvania Const. Art. X, §4 which set forth that, "Municipal and other corporations vested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements. . . ."

Defendant has inquired as to the propriety of plaintiffs' method of raising this problem. In other words, a question arises as to whether plaintiffs should have instituted an action in trespass or nuisance rather than initiating an action under the Eminent Domain Code.

The court in Dames v. Pottstown, 43 D.&C. 2d 309 (1967), was faced with a very similar problem. There, the owner of property was claiming damages from surface water drainage due to the borough paving and changing the grade of an alley. The court concluded therein that the proper procedure for a proprty owner to follow was to petition for a jury of view rather than a suit in trespass. See also: Hughes v. Elizabeth Borough, 343 Pa. 175, 22 A. 2d 909 (1941); Gerner v. Borough of Bruin, 37 Pa. Commw. 271; 390 A. 2d 319 (1978). Consequently, plaintiffs have followed the correct procedure in attempting to assess the damages that they have sustained.

Thus, the preliminary objections filed by the borough must be dismissed.

## ORDER

Now, this October 26, 1982, defendant's prelimi-

nary objections are dismissed and the court does hereby appoint the Board of View to view the premises and hold a hearing for the purpose of establishing the damages sustained by plaintiffs.